# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
## NO. 02-14-00003-CV


IN THE INTEREST OF W.M.H., A
CHILD

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 97-10804-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant, the father of W.M.H., appeals the trial court's December 2, 2013 order denying his motion to clarify a 2005 agreed order regarding child support. Father also attempts to appeal a September 18, 2013 associate judge's order denying his motion to cease child support withholding, which also imposed sanctions upon him. We dismiss the appeal of the September 18, 2013 order and affirm the December 2, 2013 order.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Father and Mother were divorced in 1998; they have two children. In a 2000 order modifying their divorce decree, Father was ordered to pay child support for both children. In July 2005, Mother filed a further petition to modify, alleging that she believed "the parties *will enter* into a written agreement containing provisions for modification of the order providing for support of the children." [Emphasis added.] The trial court signed an order incorporating this agreement on September 26, 2005. The provision for child support said, "The parties have agreed that no child support is due by either party."

In 2007, after W.M.H.'s older sister had turned 18 and graduated from high school, the trial court rendered another order setting child support for W.M.H., payable from Father to Mother, who was W.M.H.'s primary conservator. At that time, Father was in arrears as to child support that had become due before the 2005 order was rendered; however, neither Mother nor the Office of the Attorney General (OAG) sought collection of the arrearage in 2007.

In April 2013, Father filed a motion to cease withholding of child support effective upon W.M.H.'s graduation from high school in June 2013. Thereafter, he filed a motion to alleviate child support arrears and withholding of income for child support, adding the allegation that he did not owe any arrears for child support accruing from May 2005 through June 2007. He also filed a motion to clarify the September 2005 order regarding child support.

On September 18, 2013, the associate judge, sitting as a Title IV-D master, rendered an order denying Father's motion to cease withholding of income. The associate judge also imposed Rule 13 sanctions against Father for filing pleadings for which there is no appropriate remedy and for abusing the judicial process. *See* Tex. R. Civ. P. 13. The associate judge awarded attorney's fees to Mother. Father attempted to appeal the associate judge's ruling to the presiding judge by filing a notice of appeal on September 27, 2013. On October 21, 2013, Father filed a motion for new trial of the associate judge's order.

In November 2013, Father filed an amended motion to clarify the 2005 agreed order, claiming that the parties "intended [in that order] to forgive any past due child support as well as any child support due to each other in the future." After a hearing, the presiding judge of the trial court denied the motion for clarification and also confirmed an arrearage of $10,153.05; the presiding judge also rendered a judicial withholding order for the arrearage. The presiding judge further found that the September 18, 2013 associate judge's order was not timely appealed and that the motion for new trial was untimely. Thus, the presiding judge found that the September 18 order was final. The presiding judge also awarded attorney's fees to Mother's counsel.

Father timely appealed the trial court's December 2, 2013 order to this court.

## Jurisdiction

Father contends that the presiding judge erred by determining that the September 18, 2013 associate judge's order was final and that Father's attempted de novo appeal of that order was untimely. Family Code section 201.1042(b) provides that an appeal to the district court from an associate judge's order in a Title IV-D capacity must be filed no later than three working days after the order is rendered. Tex. Fam. Code Ann. § 201.1042(b) (West 2014). Father's appeal to the district court was not filed until the seventh working day after rendition of the order. Thus, by operation of law, the order became a final order of the district court. *Id.* § 201.1041(a) (West 2014); *see also* Tex. R. Civ. P. 329b(f). Because Father's motion for new trial was not filed until more than thirty days after the date of the order, the district's court plenary power over the order had expired. *See* Tex. R. Civ. P. 329b(a)–(b), (d).

Likewise, the late motion for new trial could not extend the time to appeal the order to this court. *See* Tex. R. App. P. 26.1(a)(1). We find no other document in the record that could be construed as a bona fide attempt to timely appeal that order to this court.[2] *See In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013). Accordingly, we do not have jurisdiction to review the September 18,

---

[2]Although Father references section 201.016 in his brief, which provides that the date of the referring court's ratification of the associate judge's order is controlling for purposes of appeal to this court, that section does not apply here because the associate judge's order became final by operation of law without the need for ratification by the presiding judge. *Compare* Tex. Fam. Code Ann. §§ 201.015–.016, *with* § 201.1041(a).

4

2013 associate judge's order, including the award of sanctions therein.  *See* Tex. R. App. P. 25.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927–28 (Tex.), *cert. denied*, 546 U.S. 961 (2005).

We overrule Father's third through fifth, eighth, and eleventh issues.  We address only those issues involving the presiding judge's December 2, 2013 order denying Father's motion to clarify.

## Motion to Clarify

### Father's Interpretation of 2005 Order

In his first issue, Father contends that the trial court erred by refusing to define and clarify the child support language in the 2005 agreed order even after finding that the language is vague and confusing.[3]  Father contends that the words "child support" in the phrase, "no child support is due by either party," includes "child support arrearages" as well as future child support, and that the trial court should have clarified the language to define the terms "due," "arrearages," and "child support," as well as the clause as a whole.

Although the trial court found that the language in the 2005 order is vague and confusing, it also denied Father's requested relief to clarify the order to say that Father had no obligation to pay child support that had accrued and was due before entry of the 2005 order (i.e., child support accruing from April through

---

[3]His ninth issue is related.  In his ninth issue, Father argues that the trial court erroneously "infer[red] the intent" of the judge who signed the 2005 order while ignoring the intent of the parties.

September 2005, as well as the arrearage that existed for periods before April 2005). Mother testified that the parties did not agree in 2005 that she would forgive any arrearages accruing before the trial court rendered an order incorporating the parties' agreement. No party asked for any other clarification of the agreed order. Thus, having determined that the phrase did not mean what Father urged it to mean, the trial court did not err by refusing to grant Father's requested relief. We overrule Father's first and ninth issues.

In part of his second issue, Father contends that the trial court's order denying his motion for clarification is contradicted by its findings that the 2005 agreed order was a valid contract and that the parties had "a pre-existing agreement that neither parent was obligated to pay child support while each had one of their children living with them." According to Father, that agreement began in April 2005 when his daughter moved in with him before the 2005 agreed order was ratified and signed by the trial court. He argues that the "no child support is due" language in the agreed order meant that the parties agreed that no arrearage existed when the 2005 order was rendered.

There is no evidence other than Father's testimony that the parties intended their agreement to retroactively apply to the April through September 2005 payments accruing between the time their daughter moved in with Father and the time the trial court approved their agreement; likewise, there is no other evidence as to when they made the agreement to mutually forego child support. Mother's testimony that the parties intended their agreement to apply only going

6

forward from the date of the 2005 order contradicts Father's testimony. In addition, Father's testimony is contradicted by evidence that when the 2005 order was rendered, he was in arrears for child support that had accrued before April 2005.[4] We overrule that part of Father's second issue.

In his sixth issue, Father contends that the trial court could not issue a withholding order for child support arrears, having previously concluded that the phrase "no child support is due" in the 2005 order did not include arrears. Appellant contends the trial court has used two different definitions of "child support," one including arrears and one excluding arrears. We disagree. In construing the 2005 order, the trial court construed the meaning of "is due" to be prospective; in other words, it construed the phrase to mean that no child support would be due beginning on the effective date of the 2005 order. We overrule Father's sixth issue.

**Judgment Supported by Pleadings**

In the remainder of his second issue, and in his seventh issue, Father argues that the presiding judge was not authorized to render a judgment and judicial withholding order for arrearages because no pleadings sought such relief.

---

[4]Even if child support payments Father made in April through June 2005 were credited only toward that arrearage—$4,284.89 as of March 31, 2005—rather than to the April through June monthly payments, an arrearage of $1,027.91 still remained as of September 1, 2005. However, because the payments Father made in April through June 2005 were credited to monthly accruing payments, the arrearage as of September 28, 2005—the date of the agreed order—was $7,651.09.

A trial court's judgment must conform to the pleadings. Tex. R. Civ. P. 301. A trial court may not grant a party relief in the absence of supporting pleadings unless the issue was tried by consent. *See* Tex. R. Civ. P. 67; *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). An issue is tried by consent when both parties present evidence on an issue and the issue is developed during trial without objection. *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009). Trial by consent is intended for the exceptional case in which it appears clearly from the record that the parties tried an unpleaded issue. *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 744 (Tex. App.—Fort Worth 2008, pet. dism'd). When evidence relevant to both a pleaded and an unpleaded issue has been admitted without objection, the doctrine of trial by consent should not be applied unless clearly warranted. *Id.*

In the context of arguing against Father's requested clarification, Mother's counsel pointed out that Father neglected to pay twelve months of child support for W.M.H. after the parties' daughter had been emancipated, in contravention of their agreement. Counsel stated that if the trial court found that all child support accruing before the 2005 order was forgiven as a result of the agreement, then the court should take into account that twelve-month period Father did not pay child support. The trial court reminded counsel that "[t]he only thing before the Court today is the clarification of the -- if any -- of the 2005 order and what retroactive effect, if any, that order should be given."

8

During the hearing, Mother and the OAG presented evidence of the child support Father owed when the 2005 order was rendered, including an arrearage for amounts that had accrued before April 2005. At the end of the hearing, the trial court indicated that it was going to confirm an arrearage of $10,153.05. The trial court also indicated that it would render a new withholding order and that the withholding order Father had challenged before the associate judge would be effective only until November 1, 2013. Father's counsel interjected as follows:

> I just have a quick question. And it's just procedural. Since the only thing you were doing was hearing a clarification and the appeal was not heard before the Court, shouldn't just whatever was ordered already be ordered and we can't really confirm the arrearage because that was already done?

The trial court responded, "I disagree. Because the clarification is -- and it works both ways. I'm clarifying the orders and saying, this is what I find was meant by that 2005 order. And this is the consequence of that clarification." Counsel went on to say, "I just wanted to make sure that we weren't -- you know, that it was okay to do that. *I'm fine with you doing that.* I just want to make sure that procedurally it's okay." [Emphasis added.]

What happened here is similar to what happened in *In re D.B.M.* No. 05-02-00322-CV, 2003 WL 22838948, at *1 (Tex. App.—Dallas Dec. 1, 2003, no pet.) (mem. op.). In that case, the appellant had moved to reduce the amount of his child support payments. *Id.* His counsel originally objected to testimony regarding confirmation of any arrearage because the proceeding was not an enforcement action. *Id.* However, when appellant was later questioned again

9

regarding arrearages, and appellant's counsel had again objected, the following

exchange occurred:

> The Court:  Well, we need to have an-it's not going to be contempt but we need to have an order that has a finding in there as to what the current arrearage is.
>
> Ms. Allen:  How do we determine if we don't have the child support records and I had not had a chance to do it?
>
> The Court:  I guess y'all are going to provided [sic] them for me and I will have to go through them I assume.
>
> Ms. Allen:  Okay. *That would be a fair way to do it Judge, let her testify as to what.*
>
> The Court:  We will take a look.
>
> Ms. Allen:  Absolutely.

*Id.* (emphasis added).  The Dallas Court of Appeals determined that because the

appellant had agreed to let the trial court review the child support records to

determine an arrearage, the issue had been tried by consent.  *Id.*

We conclude and hold that the situation here is similar.  Although Father's

counsel brought the matter to the trial court's attention and the record shows that

the trial court understood the potential procedural problem, counsel ultimately

acquiesced in the trial court's determining the arrearage as part of the

clarification proceeding.  Accordingly, we conclude and hold that the issue was

tried by consent.  *See* Tex. R. Civ. P. 67; *D.B.M.*, 2003 WL 22838948, at *1.

Moreover, Father's attempt to challenge an already-existing withholding order

10

was the basis of his motion to clarify.[5] We overrule this part of Father's second issue and his seventh issue.

## Attorney's Fees

In his tenth issue, Father contends that the trial court erred by making the attorney's fees award enforceable "by any means available for the enforcement of a judgment for child support." According to appellant, the supreme court's opinion in *Tucker v. Thomas* prohibits such an order. 419 S.W.3d 292, 295 (Tex. 2013).

In *Tucker*, the supreme court held that a trial court may not award attorney's fees in a nonenforcement modification suit as necessaries or additional child support. *Id.* Family code section 106.002(b) provides that "[a] judgment for attorney's fees and expenses [in a nonenforcement suit] may be enforced in the attorney's name by any means available for the enforcement of a judgment for debt." Tex. Fam. Code Ann. § 106.002(b) (West 2014). Thus, the trial court erred by ordering the attorney's fees enforceable as child support rather than an ordinary debt. *See id.*; *Naguib v. Naguib*, 183 S.W.3d 546, 548 (Tex. App.—Dallas 2006, no pet.). We sustain Father's tenth issue and modify the trial court's judgment to state that Phillip E. Romero may enforce the attorney's fees judgment "by any means available for the enforcement of a

---

[5]It appears from comments in the record that Father was subject to an administrative withholding order by the OAG, which the trial court's order replaced. *See generally* Tex. Fam. Code Ann. § 158.502 (West 2014).

11

judgment for debt."  Tex. Fam. Code Ann. § 106.002(b); *see Tucker*, 419 S.W.3d at 297, 300; *Naguib*, 183 S.W.3d at 547–48.

## Conclusion

Having sustained Father's tenth issue, we modify the trial court's judgment for attorney's fees to provide that Phillip E. Romero may enforce the judgment for attorney's fees "by any means available for the enforcement of a judgment for debt."  Having overruled or dismissed all of Father's remaining issues, we affirm the trial court's December 2, 2013 order.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DELIVERED:  November 6, 2014