# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0183
════════════

ROSSCER CRAIG TUCKER, II, PETITIONER,

v.

LIZABETH THOMAS, RESPONDENT

════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════════

**Argued February 5, 2013**

JUSTICE GREEN delivered the opinion of the Court.

JUSTICE GUZMAN filed a concurring opinion in which JUSTICE LEHRMANN joined.

JUSTICE BROWN did not participate in the decision.


In this case, we consider whether a trial court has authority to order a parent to pay attorney's fees as additional child support in a non-enforcement modification suit under Title 5 of the Texas Family Code. The court of appeals held that the trial court in this modification suit under Chapter 156 of the Family Code had discretion to characterize an award of attorney's fees as necessaries and, as necessaries, had discretion to award fees as additional child support. 405 S.W.3d 694, 697 (Tex. App.—Houston [14th Dist.] 2011, pet. granted). We hold that, in the absence of express statutory

authority, a trial court does not have discretion to characterize attorney's fees awarded in non-enforcement modification suits as necessaries or as additional child support. Accordingly, we reverse the court of appeals' judgment in part and remand the case to the trial court for proceedings consistent with this opinion.

## I. Background

Rosscer Craig Tucker, II and Lizabeth Thomas divorced in 2005. In the divorce decree, the trial court appointed Tucker and Thomas as joint managing conservators of their three children, naming Thomas as the parent with the exclusive right to designate the children's primary residence and granting Tucker visitation rights pursuant to a standard possession order. The trial court also ordered Tucker to pay child support. Three years later, Tucker sought modification of the decree, requesting that the trial court name him as the parent with the exclusive right to designate the children's primary residence. Thomas filed a countersuit, requesting that the trial court modify the decree by naming her as sole managing conservator of the children, modify the possession order, and increase Tucker's child support obligation. The trial court appointed an amicus attorney to assist the court in protecting the best interests of the children.

Following a bench trial, the trial court denied Tucker's requests for modification and granted part of the relief requested by Thomas by increasing Tucker's monthly child support obligation and reducing Tucker's periods of possession. Additionally, the trial court found the amicus attorney's fees and Thomas's attorney's fees to be necessaries expended for the children's benefit. The trial court ordered Tucker and Thomas to each pay half of the amicus attorney's fees as additional child support. The trial court further ordered Tucker to pay Thomas's attorney's fees as additional child

2

support, plus postjudgment interest. Tucker filed a motion for new trial, challenging the trial court's order requiring him to pay attorney's fees to both the amicus attorney and Thomas as additional child support rather than assessing the attorney's fees as costs. The trial court denied the motion.

Tucker appealed on grounds relating to attorney's fees and the denial of his requests for modification. The court of appeals, hearing the case en banc, considered only the merits of the two attorney's fees issues because Tucker waived his complaint on the modification requests.[1] 405 S.W.3d at 711–14. The court of appeals held that the Family Code gives trial courts authority to order a parent to pay attorney's fees for legal services benefitting the children—whether provided by the amicus attorney or the other parent—as additional child support in non-enforcement modification suits. *Id.* at 712. While acknowledging that other Texas courts of appeals have held that the Family Code does not expressly grant trial courts authority to assess attorney's fees as additional child support when parties seek only modification of an order under Title 5 of the Family Code, the court reasoned that a parent's statutory duty to provide his or her children with necessaries evidences the Legislature's intent to grant trial courts broad discretion to assess attorney's fees as child support. *Id.* at 703–05. The court of appeals further held that there was insufficient evidence to support the trial court's finding that the attorney's fees awarded to Thomas were reasonable, reversing on that issue and remanding the case to the trial court for a determination of reasonable attorney's fees. *Id.* at 714.

---

[1] The court of appeals held that Tucker failed to preserve error regarding the trial court's denial of his requests for modification. 405 S.W.3d at 713–14. Tucker also argued that the trial court erred by assessing compound interest on the attorney's fees. The court of appeals held that Tucker waived his complaint on that issue. *Id.* at 712–13. We agree and therefore do not address these issues.

In this Court, Tucker has pursued only the issue of whether Thomas's attorney's fees could be awarded as additional child support, and we granted his petition to resolve the disagreement among the courts of appeals.[2] 56 Tex. Sup. Ct. J. 100–01 (Nov. 16, 2012). *Compare* 405 S.W.3d at 714 (holding that attorney's fees incurred in a non-enforcement modification suit can be awarded as additional child support under the Family Code), *with, e.g.*, *In re Moers*, 104 S.W.3d 609, 612 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that attorney's fees and costs may not be awarded as child support when they are incurred in a suit to modify the parent-child relationship that does not involve the enforcement of a child support obligation).

## II. Analysis

In this issue of first impression, we must determine whether the Legislature has authorized a trial court to award attorney's fees incurred by a party in a non-enforcement modification suit affecting the parent-child relationship (SAPCR) as additional child support.[3] Because this is an issue of law involving statutory construction, we review it de novo. *See City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex. 2008). Our primary objective when construing statutes is to give effect to the Legislature's intent. *Iliff v. Iliff*, 339 S.W.3d 74, 79 (Tex. 2011). We must ascertain this intent

---

[2] Tucker abandoned his challenge to the trial court's award of the amicus attorney's fees as additional child support. Therefore, our review in this case is limited to whether the trial court had discretion to award attorney's fees incurred by Thomas as additional child support. Additionally, Thomas does not challenge the court of appeals' reversal on the amount of reasonable attorney's fees. We therefore express no opinion as to whether the amicus attorney's fees could be awarded as additional child support or whether the amount of attorney's fees awarded was supported by legally sufficient evidence.

[3] This case involves only actions to modify custody and support orders and does not involve any action for enforcement of child support payments. The concurrence's concerns regarding blended proceedings—those in which the parties seek both modification and enforcement of support orders—are not raised by the facts before us. *See* ___ S.W.3d at ___.

4

by looking to the entire act. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 549 (Tex. 1981).

Texas has long adhered to the American Rule with respect to awards of attorney's fees, which prohibits the recovery of attorney's fees from an opposing party in legal proceedings unless authorized by statute or contract. *See, e.g.*, *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011). Title 5 of the Family Code provides a comprehensive scheme authorizing a trial court to award attorney's fees pursuant to both a general statute and specific statutes. *See, e.g.*, TEX. FAM. CODE § 106.002. The Legislature also provides specific mechanisms for the enforcement attorney's fees awards in SAPCRs. *See, e.g.*, *id.* As discussed below, neither the Legislature nor our case law related to the common law doctrine of necessaries has recognized trial court authority to characterize attorney's fees in non-enforcement modification suits as necessaries or as additional child support. We hold that, in the absence of express statutory authority, a trial court may not award attorney's fees recoverable by a party in a non-enforcement modification suit as necessaries or additional child support.[4]

## A. Split Among the Courts of Appeals

The majority of the courts of appeals that have addressed this issue have held that a trial court may not characterize attorney's fees incurred by a party in a non-enforcement modification suit as

[4] We express no opinion as to whether a statute that expressly authorizes a trial court to enforce an award of attorney's fees incurred by a party in a non-enforcement modification suit by any means available for the enforcement of a child support obligation—which necessarily includes the possibility of confinement for contempt—would pass constitutional muster. *Compare* TEX. CONST. art. I, § 18 ("No person shall ever be imprisoned for debt."), *with In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding) (per curiam) ("[T]he obligation to support a child is viewed as a legal duty and not as a debt.").

additional child support.  *See, e.g.*, *In re Moers*, 104 S.W.3d at 612; *see also* 405 S.W.3d at 704 n.6 (listing five courts of appeals that have followed *In re Moers*).[5]  Those courts of appeals reason that the Legislature has distinguished between attorney's fees awarded in modification suits and attorney's fees awarded in enforcement suits due to the potentially serious consequences that stem from characterizing attorney's fees as child support.  *See, e.g.*, *Finley v. May*, 154 S.W.3d 196, 199 (Tex. App.—Austin 2004, no pet.).  Specifically, section 157.166 of the Family Code authorizes a trial court to enforce a child support obligation through use of its contempt powers, which includes the possibility of confinement.  *See* TEX. FAM. CODE § 157.166.

The court of appeals in this case reached the opposite conclusion, holding that the attorney's fees incurred by Thomas in this non-enforcement modification suit were necessaries, and, as necessaries, the attorney's fees could be awarded as additional child support.  405 S.W.3d at 714. The court of appeals relied on the absence of any prohibition in the Family Code related to the characterization of attorney's fees to reach its conclusion that a trial court has inherent authority to order attorney's fees as additional child support in a non-enforcement modification suit.  *Id.* at 704. Only one other court of appeals has upheld a trial court order awarding attorney's fees as child support in a non-enforcement modification suit.  *See Daniels v. Allen*, 811 S.W.2d 278, 280 (Tex. App—Tyler 1991, no writ).  More recently, however, that same court held that a trial court may not

---

[5] Six courts of appeals now follow *In re Moers*.  *See Underwood, Wilson, Berry, Stein & Johnson, P.C. v. Sperrazza*, No. 07-10-0435-CV, 2012 Tex. App. LEXIS 2923, at *6, *8–10 (Tex. App.—Amarillo Apr. 12, 2012, no pet.) (mem. op.); *In re M.A.F.*, No. 12-08-00231-CV, 2010 Tex. App. LEXIS 4097, at *22–25 (Tex. App.—Tyler May 28, 2010, no pet.) (mem. op.); *In re A.S.Z.*, No. 2-07-259-CV, 2008 Tex. App. LEXIS 6240, at *1–3 (Tex. App.—Fort Worth Aug. 14, 2008, no pet.) (per curiam) (mem. op.); *Naguib v. Naguib*, 183 S.W.3d 546, 547–48 (Tex. App.—Dallas 2006, no pet.); *Finley v. May*, 154 S.W.3d 196, 199 (Tex. App.—Austin 2004, no pet.); *In re J.C.K.*, 143 S.W.3d 131, 143 (Tex. App.—Waco 2004, no pet.).

award attorney's fees as child support in a non-enforcement modification suit. *See In re M.A.F.*, No. 12-08-00231-CV, 2010 Tex. App. LEXIS 4097, at *22–24 (Tex. App.—Tyler May 28, 2010, no pet.) (mem. op.).

### B. Attorney's Fees in Suits Affecting the Parent-Child Relationship

Numerous sections in the Family Code authorize a trial court to award attorney's fees in a SAPCR. Section 106.002, applicable to all SAPCRs, invests a trial court with general discretion to render judgment for reasonable attorney's fees to be paid directly to a party's attorney. TEX. FAM. CODE § 106.002(a); *see also Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002) ("An attorney's fees award in a suit affecting the parent-child relationship is discretionary with the trial court."). In addition, the Legislature has enacted specific provisions that control awards of attorney's fees in certain types of cases under Title 5, including separate provisions for Chapter 156 modification suits and Chapter 157 enforcement suits. For example, section 156.005 requires that a trial court tax attorney's fees as costs against the offending party in modification suits if the court finds that the suit was "filed frivolously or is designed to harass a party." TEX. FAM. CODE § 156.005. In enforcement suits, section 157.167 generally requires a trial court to award reasonable attorney's fees if it finds that a respondent either failed to make child support payments or failed to comply with the terms of an order providing for possession of or access to a child. *Id.* § 157.167. Similarly, section 154.012 mandates that a trial court order a child support obligee to pay the obligor's attorney's fees if the court finds that the obligee failed to return a child support payment in excess of the support ordered, subject to the trial court's discretion to waive the requirement on a good-cause showing. *Id.* § 154.012(b). Other than the provision regarding frivolously filed modification suits in section

7

156.005, no provision in Chapter 156 specifically provides trial courts with authority to award attorney's fees in modification suits. Thus, trial courts must derive authority to order attorney's fees in non-enforcement modification suits from Title 5's general attorney's fees provision in section 106.002. *See id.* § 106.002.

The Legislature has provided specific enforcement mechanisms for attorney's fees awarded in a SAPCR. Section 106.002, which applies generally to all SAPCRs, provides that a judgment for attorney's fees may be enforced by any means available for the enforcement of a judgment for debt. *Id.* § 106.002(b). In contrast, attorney's fees ordered in enforcement suits under Chapter 157 "may be enforced by any means available for the enforcement of child support, including contempt." *Id.* § 157.167(a), (b). In addition, the Legislature has given trial courts discretion to characterize attorney's fees awarded to an amicus attorney or attorney ad litem under section 107.023 as "necessaries for the benefit of the child." *Id.* § 107.023(d). Chapter 156 provides only one specific method for enforcement of an award of attorney's fees in modification suits—section 156.005's provision regarding frivolously filed modification suits. *See generally id.* §§ 156.001–.409.

The distinction between a judgment for attorney's fees characterized as a debt and an award of attorney's fees characterized as additional child support is significant. *Compare id.* § 106.002(b) (judgment as debt), *with id.* § 157.167(a), (b) (award as additional child support). The Texas Constitution prohibits a trial court from confining a person under its contempt powers as a means of enforcing a judgment for debt. Tex. Const. art. I, § 18 ("No person shall ever be imprisoned for debt."). On the other hand, a child support obligation and attorney's fees related to a child support enforcement proceeding are viewed as a legal duty and are not considered a debt. *In re Henry*, 154

8

S.W.3d 594, 596 (Tex. 2005) (orig. proceeding) (per curiam); *see also Ex parte Helms*, 259 S.W.2d 184, 189 (Tex. 1953) ("The attorney's fee is but a part of the procedural remedy for *enforcing* substantive rights and the fee allowed as well as other costs in the proceeding is incidental to and a part of the payments necessary for the support of the minors." (emphasis added)).  Therefore, a trial court may use its contempt power as set forth in Chapter 157—including the possibilities of confinement, garnishment of wages, and suspension of the obligor's driver's license—to ensure that child support obligors pay overdue child support.  *See* TEX. FAM. CODE §§ 158.0051, 232.003; *In re Henry*, 154 S.W.3d at 596.  In light of these mechanisms available to a trial court to enforce child support obligations, child support collection is, without question, "serious business."  *In re Office of Att'y Gen.*, ___ S.W.3d ___, ___ (Tex. 2013).

### 1.  The Legislature's Silence Is Significant

A trial court's authority to award attorney's fees in civil cases may not be inferred; rather, the Legislature must provide authorization through the express terms of the statute in question. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (orig. proceeding) (quoting *First City Bank—Farmer's Branch, Tex. v. Guex*, 677 S.W.2d 25, 30 (Tex. 1984)). Likewise, the authority to assess attorney's fees as additional child support or as necessaries in SAPCRs cannot be inferred.  Instead, we must look to the specific statute providing for an award of attorney's fees for this authority—authority that is absent in the context of non-enforcement modification suits.

In 1999, the Legislature granted trial courts with discretion to enforce an award of attorney's fees in enforcement proceedings under Chapter 157 by the same means available for the enforcement

9

of a child support obligation. *See* Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 18, 1999 Tex. Gen. Laws 3058, 3062 (amending section 157.167 by adding subsection (c), providing that attorney's fees awarded in enforcement proceedings "may be enforced by any means available for the enforcement of child support, including contempt"), *amended by* Acts of May 17, 2005, 79th Leg., R.S., ch. 253, § 1, 2005 Tex. Gen. Laws 452, 452. Today, that language is found in section 157.167(a) and reads:

> If the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages. Fees and costs ordered under this subsection may be enforced by any means available for the enforcement of child support, including contempt.

TEX. FAM. CODE § 157.167(a). However, the Legislature did not provide a similar provision applicable to modification suits under Chapter 156. Section 106.002, the general attorney's fees provision that grants the trial court authority to award attorney's fees in this modification suit, does not contain language providing for enforcement as child support, like the language in section 157.167. *Compare id.* § 106.002 (providing that a judgment for attorney's fees may be enforced by the same means available for the enforcement of a judgment for debt), *with id.* § 157.167(a) (providing that an award of attorney's fees may be enforced by the same means available for the enforcement of child support). In fact, except in the context of enforcement proceedings, no provision in Title 5 expressly provides a trial court with discretion to enforce an award of attorney's fees by the same means available for the enforcement of child support, including contempt. *But see id.* § 107.023(d) (providing that fees awarded to an amicus attorney, an attorney ad litem for the

child, or a guardian ad litem for the child under Chapter 107, Subchapter B, Part 2 are necessaries for the benefit of the child).

In light of the Family Code's detailed scheme concerning awards of attorney's fees in SAPCRs, we believe it is significant that the Family Code is silent as to whether a trial court may characterize attorney's fees as additional child support in non-enforcement modification suits. *See PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004) ("A statute's silence can be significant."). Since the Legislature expressly authorized the assessment of attorney's fees as additional child support in enforcement suits, but not in modification suits or under Title 5's general attorney's fees provision, we conclude that the Legislature did not intend to grant the trial court authority to characterize Thomas's attorney's fees as part of Tucker's child support obligation. The court of appeals erred in holding otherwise.

**2. Section 151.001 Does Not Provide Trial Courts with Authority to Characterize Attorney's Fees as Necessaries in Non-Enforcement Modification Suits**

The common law rule that a parent is liable for necessaries furnished to the parent's child by a third person arose in the English courts more than three centuries ago as a means to enforce a husband's duty to support his wife and children. *See* Note, *The Unnecessary Doctrine of Necessaries*, 82 MICH. L. REV. 1767, 1767 (1984); *see also* BLACK'S LAW DICTIONARY 554 (9th ed. 2009) (providing a historical definition of the "doctrine of necessaries"). As we have noted, the doctrine of necessaries implied a contract between a parent and the provider of the necessaries at common law. *See Searcy v. Hunter*, 17 S.W. 372, 373 (Tex. 1891). In 1967, the Legislature amended former Article 4614 of our Civil Statutes to establish a statutory duty in parents for support

of the family, including liability to third parties who provide necessaries to the child upon the parent's failure to provide for the child.[6] *See* Act of May 16, 1967, 60th Leg., R.S., ch. 309, § 1, art. 4614, 1967 Tex. Gen. Laws 735, 736 ("Each spouse has the duty to support his or her children . . . . A spouse who fails to discharge a duty of support is liable to any person who provides necessaries to those to whom support is owed."). Ultimately, the Legislature codified a parent's common law liability for necessaries provided to his or her children in section 151.001(c) of the Family Code, which provides that "[a] parent who fails to discharge the duty of support is liable to a person who provides necessaries to those to whom support is owed." TEX. FAM. CODE § 151.001(c).

As noted by the court of appeals, we recognized in two cases decided more than a century ago that attorney's fees for services rendered for the benefit of a child may, under some circumstances, be treated as necessaries under the common law. *See Searcy*, 17 S.W. at 373 (holding that attorney's fees are necessaries in a civil suit to recover money or property for the minor); *Askey v. Williams*, 11 S.W. 1101, 1101–02 (Tex. 1889) (holding that attorney's fees are necessaries for the

---

[6] The Legislature recodified Article 4614 as section 4.02 of the Family Code in 1969 upon adoption of Title 1 of the Family Code. *See* Act of June 2, 1969, 61st Leg., R.S., ch. 888, § 1, 1969 Tex. Gen. Laws 2707, 2725–26. This language imposing on parents the duty to support their children and making parents liable to third parties for necessaries remained in effect in section 4.02 under Title 1, "Husband and Wife," until 1995. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 4, 1995 Tex. Gen. Laws 3888, 3889. In 1995, the Legislature removed the language regarding children from section 4.02 and added language imposing a liability for necessaries on parents to section 151.003(c), "Rights and Duties of Parent," under Title 5, "The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship." *Compare* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 151.003(c), 1995 Tex. Gen. Laws 113, 139 (adding the language regarding necessaries for children to section 151.003(c)), *with* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 4, 1995 Tex. Gen. Laws 3888, 3889 (removing the language regarding parent's duties from section 4.02). In 2001, section 151.003 became section 151.001, and the relevant language is now section 151.001(c). *See* Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 2.13, sec. 151.001, 2001 Tex. Gen. Laws 1610, 1638–39.

criminal defense of a child); *see also In re H.V.*, 252 S.W.3d 319, 327 n.55 (Tex. 2008) (noting that a parent has a duty to pay attorney's fees incurred by the children for their defense of a criminal prosecution under section 151.001(c) of the Family Code). Following these decisions, courts of appeals began awarding attorney's fees as necessaries in non-enforcement custody and modification suits—sometimes as child support—under both the common law and, later, the statutory duty. *See, e.g.*, *Daniels v. Allen*, 811 S.W.2d 278, 280 (Tex. App.—Tyler 1991, no writ); *see also Schwartz v. Jacob*, 394 S.W.2d 15, 20–21 (Tex. Civ. App.—Houston 1965, writ ref'd n.r.e.). However, this Court has never held that attorney's fees incurred by a parent in a non-enforcement modification suit are necessaries under the common law doctrine of necessaries or its embodiment in section 151.001(c). In light of both the plain language of section 151.001(c) and Title 5's comprehensive scheme related to attorney's fees, we decline to do so today.

The plain language of section 151.001(c) does not support the court of appeals' conclusion that section 151.001(c) may be used as a vehicle for awarding attorney's fees in non-enforcement modification suits as necessaries or as additional child support. Section 151.001(c) conditions a parent's liability for necessaries upon a parent's *failure* to discharge the duty of support. *See* TEX. FAM. CODE § 151.001(c). Failure to support the child is not the basis for a non-enforcement modification suit under Chapter 156. In contrast, the failure to support a child is often the focus of enforcement proceedings under Chapter 157, and consistent with section 151.001(c), the Legislature deliberately provided trial courts with authority to enforce an award of attorney's fees in enforcement suits by the same means available for enforcing a child support order. *See id.* § 157.167(a). Further, the Legislature has specifically provided trial courts with discretion to characterize fees awarded to

13

an amicus attorney, attorney ad litem, or guardian ad litem appointed under Chapter 107, Subchapter B, Part 2 as necessaries, but it has not done the same for attorney's fees awarded to a party in a Chapter 156 modification suit. *Id.* § 107.023. Because Chapter 156 is devoid of similar authorization, we conclude that the Legislature did not intend to provide trial courts with discretion to characterize attorney's fees incurred by a party in a non-enforcement modification suit as necessaries. *Cf. Quick v. City of Austin*, 7 S.W.3d 109, 122–23 (Tex. 1998) ("[W]hile the Legislature clearly was well-versed in drafting statutes that explicitly provided that a local act was not effective until approved by the Commission, the Legislature chose not to include such an express provision [here]. We presume that this omission has a purpose."); *see also In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000) (holding that Chapter 153's statutory presumption that a child's best interest is served by awarding custody to the parent in original custody proceedings does not apply in Chapter 156 modification proceedings in the absence of a similar provision in Chapter 156).

### III. Conclusion

The Legislature has provided trial courts with broad discretion to resolve family law matters. In enforcement proceedings, the Legislature expressly provided for mandatory awards of attorney's fees and specific means for enforcing those awards. *See* TEX. FAM. CODE § 157.167(a). Except when a trial court finds that a party filed a non-enforcement modification suit frivolously or with the purpose of harassing the opposing party, no provision in Chapter 156 authorizes an award of attorney's fees in modification suits. *See id.* § 156.005. Thus, trial courts must look to section 106.002—Title 5's general attorney's fee provision—for authority to award attorney's fees in most non-enforcement modification suits. Noticeably absent from section 106.002 is authority for a trial

court to characterize an attorney's fee award as necessaries or as additional child support. In light of this absence of express authorization, we conclude that the Legislature did not intend to provide trial courts with discretion to assess attorney's fees awarded to a party in Chapter 156 modification suits as additional child support. Moreover, neither our precedent nor the plain language of section 151.001(c) supports the court of appeals' conclusion that attorney's fees in non-enforcement modification suits may be characterized as necessaries, enforceable by contempt.

Because this case does not involve enforcement proceedings under Chapter 157, we hold that the trial court lacked discretion to characterize Thomas's attorney's fees as necessaries and as a part of Tucker's child support obligation. The court of appeals erred in holding otherwise. Accordingly, we reverse the court of appeals' judgment in part and remand the case to the trial court for proceedings consistent with this opinion.

_____
Paul W. Green
Justice

OPINION DELIVERED: December 13, 2013

15