**AFFIRM; and Opinion Filed April 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01351-CV

### IN THE INTEREST OF S.J.G. AND J.O.G., CHILDREN

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-15268**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

This appeal arises from a petition to modify a parent-child relationship. In three issues, the father, Charles Joaquin Greenwald, argues the trial court erred by (1) denying a motion to set aside a Brazos County court's order; (2) ordering Greenwald to pay $15,404.24 in attorney's fees to counsel for the mother, Erin Tullos; and (3) failing to contact an Oklahoma court regarding child custody. We affirm the trial court's order.

FACTUAL BACKGROUND

In 2006, a Brazos County court entered a final decree of divorce for Greenwald and Tullos, appointing them joint managing conservators of their children, and granting Tullos the right to designate the children's primary residence. The divorce decree also defined custody rights and ordered Greenwald to pay child support. Tullos re-married the same year and moved to Oklahoma in 2007, taking the children with her.

In 2011, Greenwald moved to Dallas County. He subsequently filed two motions in the Brazos court: a "Petition to Modify the Parent-Child Relationship" and a "Motion to Transfer" venue to Dallas County. Tullos responded by filing a "Request for Court to Decline Jurisdiction and Original Answer" in the Brazos court. In her motion, Tullos argued Texas was an inconvenient forum to make a custody determination because she resided with the children in Oklahoma. Tullos requested the Brazos court decline jurisdiction in favor of Oklahoma and deny Greenwald's request to transfer venue to Dallas County.

The Brazos court held a hearing on the transfer issues. On April 5, 2012, it signed an order transferring the issue of child support to Dallas County while staying the custody issues on the condition the parties file a custody suit in Oklahoma. The Brazos court's order stated it would transfer custody issues to Oklahoma when an Oklahoma court assumed jurisdiction. In July 2012, Tullos filed a "Notice of Request to Register Foreign Order, Application to Assume Jurisdiction and Motion to Modify" in Oklahoma. The parties agree at the time of this appeal the Oklahoma court has not assumed jurisdiction over child custody.

In April 2012, Greenwald filed a motion to set aside the Brazos court's April 5, 2012 order with the Dallas County court (Dallas Court) where the Brazos court transferred the child support issue. In November 2012, the Dallas Court denied the motion. From January to July 2013, the parties litigated the issue of child support in the Dallas Court. In August 2013, the Dallas Court issued an order modifying child support and awarding $15,404.24 to Tullos's counsel for reasonable and necessary attorney's fees.

LAW AND ANALYSIS

A.     Motion to Set Aside Brazos Court's April 5, 2012 Order

In his first issue, Greenwald contends the Dallas Court erred by not using its plenary power to set aside the Brazos court's April 5, 2012 order. Greenwald argues the Brazos court

–2–

lacked subject matter jurisdiction to retain the custody issues and make a forum determination because the Brazos court had a ministerial duty to transfer the entire case—including child custody issues—to Dallas County pursuant to a mandatory venue provision. *See* TEX. FAM. CODE ANN. §§ 152.207, 155.301(a) (West 2014). Therefore, Greenwald contends, the portion of the order retaining and staying the custody issues and declining jurisdiction on the condition the parties file a custody suit in Oklahoma is void.

"Unless a judgment of a court of general jurisdiction is void, it is not subject to collateral attack in another court of equal jurisdiction." *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). As courts of general and equal jurisdiction in family law matters, the Dallas Court lacks authority to set aside the Brazos court's order unless the order is void. *See* TEX. GOV'T CODE ANN. § 25.0232(a)*; see also Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). An order is void when the issuing court lacked jurisdiction over the parties or subject matter, jurisdiction to enter the order, or capacity to act as a court. *Id*.

The record indicates, and the parties do not dispute, the Brazos court had jurisdiction over the parties, jurisdiction to enter the order, and capacity to act as a court at the time it signed the April 5, 2012 order. Greenwald only argues the Brazos court lacked subject matter jurisdiction to enter its April 5, 2012 order.

A trial court's subject matter jurisdiction over an initial child custody suit is governed by section 152.201 of the Texas Family Code. Under that section, a Texas court has jurisdiction over a suit if the child lived in Texas with a parent for at least six consecutive months immediately before the commencement of the proceeding. *See* TEX. FAM. CODE ANN. § 152.201(a)(1); *In re A.K.A.*, No. 05–13–00640–CV, 2014 WL 3845776, at *2 (Tex. App.—Dallas Aug. 6, 2014, pet. denied) (citing TEX. FAM. CODE ANN. § 152.201(a)(1) and *In re Marsalis*, 338 S.W.3d 131, 135 (Tex. App.—Texarkana 2011, orig. proceeding)). Section

152.202 of the family code grants a Texas court "which has made a[n initial] child custody determination" exclusive, continuing jurisdiction over custody until a Texas court or a court of another state determines one or more conditions described in section 152.202 subsection (a)(1) or (a)(2) were triggered. TEX. FAM. CODE ANN. § 152.202(a)(1)–(2).

The Brazos court stated in the parties' divorce decree, and the parties do not dispute, at the time the original custody suit was filed, the court had jurisdiction over the parties; Tullos had been a domiciliary of Texas for the preceding six-month period and a resident of Brazos county for the preceding ninety-day period, and all persons entitled to citation were properly cited. Accordingly, the Brazos court had initial jurisdiction over child custody. *See* TEX. FAM. CODE ANN. § 152.201(a)(1). Even after the parties left Brazos County, the record does not reflect a Texas or out-of-state court made a determination that any conditions under the family code section 152.202 subsections (a)(1) or (a)(2) were triggered. As a result, the Brazos court maintained continuing, exclusive jurisdiction. We conclude the Brazos court had subject matter jurisdiction over child custody at the time it issued the April 5, 2012 order.

Because the Brazos court had jurisdiction over the parties and subject matter, jurisdiction to enter the April 5, 2012 order, and capacity to act as a court, the Brazos court's order is not void. *See Joachim*, 315 S.W.3d at 863. Therefore, Greenwald's motion to set aside the April 5, 2012 order constituted an impermissible collateral attack. *See id.* We conclude the Dallas Court lacked jurisdiction to review the Brazos court's order and did not err by denying the motion to set the order aside.

We overrule Greenwald's first issue.

**B.    Attorney's Fees**

In his second issue, Greenwald argues the Dallas Court erred by ordering him to pay $15,404.24 in attorney's fees to Tullos's counsel. Greenwald contends that section 156.005 of

the family code is the only statute expressly authorizing a trial court to award attorney's fees in a non-enforcement modification suit, and section 156.005 does not authorize an award of attorney's fees against a party whose actions in the trial court have merit. Therefore, Greenwald argues because his actions in the Dallas Court had merit, the court erred by ordering him to pay the attorney's fees.

There are two statutory provisions authorizing attorney's fees in modification suits. *See* TEX. FAM. CODE ANN. §§ 156.005, 106.002; s*ee also Tucker v. Thomas*, 419 S.W.3d 292, 296– 97 (Tex. 2013). Section 156.005 exclusively applies to non-enforcement modification suits. It provides: "If the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall *tax attorney's fees as costs* against the offending party." TEX. FAM. CODE ANN. § 156.005 (emphasis added). Section 106.002 affords trial courts general discretion to award attorney's fees in all suits affecting parent-child relationships, including modification suits. It provides: "In a suit under this title, the court may render judgment for reasonable attorney's fees . . . *to be paid directly to an attorney.*" *Id.* § 106.002(a) (emphasis added); *see also Tucker*, 419 S.W.3d at 296.

The Dallas Court's order awarding attorney's fees indicates it awarded fees pursuant to section 106.002, not section 156.005. The Dallas Court did not tax attorney's fees as costs, but ordered Greenwald to pay attorney's fees directly to Tullo's counsel as authorized by section 106.002. The order states: "[Tullo's counsel] may enforce this judgment . . . by any means available for the enforcement of a judgment for debt[,]" which is the specific enforcement mechanism for attorney's fees awarded pursuant to section 106.002. TEX. FAM. CODE ANN. § 106.002(b); *see also Tucker*, 419 S.W.3d at 297. Moreover, in its findings of fact and conclusions of law, the Dallas Court found there was "good cause" to award attorney's fees "due to [Greenwald's] actions" but did not find Greenwald's actions were frivolous or designed to

harass Tullos. In his brief, Greenwald acknowledges section 106.002 but makes no argument why it should not apply or how an attorney's fee award pursuant to that section would constitute error in this case. Accordingly, because a court has discretion to award attorney's fees under section 106.002, and Greenwald did not explain how the Dallas Court allegedly erred by doing so, we conclude the court did not err by awarding attorney's fees to Tullos's counsel. *See Tucker*, 419 S.W.3d at 296 (citing *Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002)).

We overrule Greenwald's second issue.

### C. Communication with the Oklahoma Court

In Greenwald's third issue, he contends the Dallas Court abused its discretion by not communicating with the Oklahoma court. He argues the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)—codified in chapter 152 of the family code—required the Dallas Court to contact the Oklahoma court to (1) inform the court of simultaneous proceedings and (2) request the Oklahoma court hold its child custody proceeding in abeyance until the Dallas Court conducted a hearing to determine whether it had jurisdiction over the proceeding. *See* Tex. FAM. CODE ANN. §152.110(d). Section 152.110(d) of the Texas Family Code provides:

> If proceedings involving the same parties are pending simultaneously in a court of this state and a court of another state, the court of this state shall inform the other court of the simultaneous proceedings. The court of this state shall request that the other court hold the proceeding in that court in abeyance until the court in this state conducts a hearing to determine whether the court has jurisdiction over the proceeding.

*Id*.

Greenwald concedes in his brief the UCCJEA was intended to discourage the use of the interstate system to continue controversies over child custody and to avoid relitigation over custody determinations. The language in section 152.110(d) concerning "simultaneous proceedings" refers to proceedings arising out of the UCCJEA, or custody proceedings. *See id.* §§ 152.110(b), 152.206. Because the proceeding pending in the Dallas Court concerned child

support and not child custody, the UCCJEA is inapplicable. Accordingly, the Dallas Court did not err by failing to communicate with the Oklahoma court.

We overrule Greenwald's third issue.

CONCLUSION

We affirm the Dallas Court's order granting modification of prior orders, dated August 29, 2013.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

131351F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.J.G. AND J.O.G., CHILDREN

No. 05-13-01351-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-12-15268.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

In accordance with this Court's opinion of this date, the trial court's August 29, 2013 order granting modification of prior orders is **AFFIRMED**.

It is **ORDERED** that Erin Tullos recover her costs of this appeal from Charles Joaquin Greenwald.

Judgment entered this 9th day of April, 2015.