

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00078-CV

**RIVER CITY CARE CENTER, INC.** d/b/a River City Care Center,
Appellant

v.

Betty **TAYLOR**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-15814
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 17, 2015

REVERSED AND RENDERED

        River City Care Center, Inc. appeals the trial court's judgment, arguing the trial court erred

by awarding Betty Taylor front pay, back pay, and attorney's fees.[1] We reverse and render

judgment that Taylor take nothing.

---

[1] Although River City argues the trial court made errors regarding its mitigation defense and awarding pre-judgment interest, we need not address these issues based on our disposition. *See* TEX. R. APP. P. 47.1.

## BACKGROUND

Taylor filed suit against River City, claiming the termination of her employment with River City was motivated by her age, sexual orientation, and gender, and claiming intentional infliction of emotional distress. River City denied her allegations and alleged River City would have terminated her employment regardless of her age.

The case proceeded to trial solely on Taylor's age-discrimination claim. The jury first found River City's termination of Taylor's employment was motivated by Taylor's age. The jury then found River City would have terminated her employment regardless of her age. The jury was instructed that if it made those two findings, it should skip and not answer the question regarding Taylor's attorney's fees. The jury followed the instructions and did not answer the question about Taylor's attorney's fees because it found that, although age was a motivating factor in River City's termination of Taylor's employment, River City would have terminated her employment regardless of her age.

Following trial, Taylor moved for entry of judgment and requested the trial court award her equitable relief and attorney's fees. River City objected to the motion, arguing Taylor did not plead for equitable relief, equitable relief was statutorily barred, she did not obtain a jury finding on her attorney's fees, Taylor was not a "prevailing party," and she had not segregated her attorney's fees. The trial court heard the motions, and then rendered a final judgment awarding Taylor front pay, back pay, and attorney's fees. River City now appeals.

## STANDARD OF REVIEW

We review a trial court's award of front pay, back pay, and attorney's fees for an abuse of discretion. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) (attorney's fees); *Tex. Youth Comm'n v. Koustoubardis*, 378 S.W.3d 497, 502 (Tex. App.—Dallas 2012, no pet.) (front pay); *Stanley Stores, Inc. v. Chavana*, 909 S.W.2d 554, 563 (Tex. App.—Corpus Christi 1995, pet.

denied) (back pay). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the established facts of the case. *Koustoubardis*, 378 S.W.3d at 502. We review questions of law, including issues of statutory construction, de novo. *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013).

## FRONT PAY & BACK PAY

River City argues the Labor Code prohibits an award of front pay and back pay under the established facts of this case. Section 21.125 of the Texas Labor Code provides:

> (a) Except as otherwise provided by this chapter, an unlawful employment practice is established when the complainant demonstrates that . . . age . . . was a motivating factor for an employment practice, . . . even if other factors also motivated the practice . . . .

> (b) In a complaint in which a complainant proves a violation under Subsection (a) and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court may grant declaratory relief, injunctive relief except as otherwise provided by this subsection, and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a complaint under Subsection (a), but may not award damages or issue an order requiring an admission, reinstatement, hiring, promotion, or back pay.

TEX. LABOR CODE ANN. § 21.125 (West 2015). The jury found River City would have terminated Taylor's employment regardless of her age.

Taylor responds section 21.258 of the Labor Code permits a trial court to award equitable relief in the form of back pay. Section 21.258 provides:

> (a) On finding that a respondent engaged in an unlawful employment practice as alleged in a complaint, a court may:
>
>> (1) prohibit by injunction the respondent from engaging in an unlawful employment practice; and
>> (2) order additional equitable relief as may be appropriate.

> (b) Additional equitable relief may include:
>> (1) hiring or reinstating with or without back pay;
>> . . . .

TEX. LABOR CODE ANN. § 21.258 (West 2015). This section applies when the factfinder finds an employer engaged in an unlawful employment practice. *Id.* But section 21.125(b) prohibits a back pay award in cases, such as this one, when the factfinder also finds the employer "would have taken the same action in the absence of the impermissible motivating factor." *Id.* § 21.125(b). Because Taylor's construction unnecessarily reads a conflict into the statute, we decline to adopt it. *See* TEX. GOV'T CODE ANN. § 311.026 (West 2013) (requiring courts to reconcile conflicts to give effect to apparently conflicting statutory provisions). Because section 21.215(b) prohibits the award of back pay under the established facts of this case, the trial court abused its discretion by awarding Taylor back pay. *See Koustoubardis*, 378 S.W.3d at 502.

Section 21.125(b) also prohibits the trial court from ordering several types of equitable relief, including reinstatement. *Id.* Front pay is an equitable alternative to reinstatement when a trial court determines reinstatement is not feasible. *Cox & Smith Inc. v. Cook*, 974 S.W.2d 217, 227 (Tex. App.—San Antonio 1998, pet. denied). Because section 21.125(b) expressly prohibits reinstatement, and because front pay is a remedy that may be awarded as an alternative to reinstatement when it is not feasible, we construe section 21.125(b) as prohibiting an award of front pay as an equitable alternative to reinstatement under the established facts of this case. *See Tucker*, 419 S.W.3d at 295 ("Our primary objective when construing statutes is to give effect to the Legislature's intent."). Because § 21.125(b) prohibits an award of front pay under the established facts of this case, the trial court abused its discretion by awarding Taylor front pay. *See Koustoubardis*, 378 S.W.3d at 502.

### ATTORNEY'S FEES

River City argues Taylor waived her right to recover attorney's fees by failing to obtain a jury finding. Chapter 21 of the Labor Code contains two provisions for attorney's fees in an age discrimination case. Section 21.259(a) provides, "In a proceeding under this chapter, a court may allow

the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs." Tex. Labor Code Ann. § 21.259(a) (West 2015). Section 21.125(b) provides that when "a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court may grant . . . attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a complaint under Subsection (a)." *Id.* § 21.125(b).

When a party fails to obtain a jury finding on attorney's fees, and the amount of reasonable attorney's fees is disputed, the trial court's subsequent award of attorney's fees is an abuse of discretion. *Univ. of Tex. v. Ables*, 914 S.W.2d 712, 717 (Tex. App.—Austin 1996, no writ) (citing Tex. R. Civ. P. 279). Here, the amount of attorney's fees directly attributable only to the pursuit of a complaint that age was a motivating factor in Taylor's termination was disputed. *See* Tex. Labor Code Ann. § 21.125(b). Taylor did not obtain a jury finding on her attorney's fees, and River City disputed the amount of attorney's fees to which Taylor would be entitled. Therefore, the trial court's subsequent award of attorney's fees was an abuse of discretion. *See id.*[2]

## CONCLUSION

We reverse the trial court's judgment and render judgment that Taylor take nothing.

Luz Elena D. Chapa, Justice

---

[2] River City argues attorney's fees are not available under § 21.125(b) because Taylor was not a prevailing party. *See Burgmann Seals America, Inc. v. Cadenhead*, 135 S.W.3d 854, 858-861 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding that plaintiff who does not recover any meaningful relief is not entitled to attorney's fee award under sections 21.125 and 21.259). We need not decide whether attorney's fees are available under § 21.125(b) under the facts of this case; addressing that issue is not necessary to the disposition of this appeal. *See* Tex. R. App. P. 47.1.