**Opinion issued August 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-17-00305-CV

—————————————

## RANDELL ADAMS, Appellant

## V.

## KIMBERLY MCCRAY ADAMS, Appellee

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 79412-f**

---

## MEMORANDUM OPINION

The Family Code provides multiple, nonexclusive options for enforcing an

order to pay child support.* A person enforcing a child-support order is entitled to

---

\*      *See, e.g.*, TEX. FAM. CODE § 154.124(c) (terms of agreement pertaining to child support may be enforced by all remedies available for enforcement of a judgment); *id.* § 157.001(b) (contempt); *id.* § 157.003 (no election of

recover reasonable attorney's fees and court costs in addition to child-support arrearages "if the court finds that the respondent has failed to make child support payments." TEX. FAM. CODE § 157.167(a). Such a fees award "may be enforced by any means available for the enforcement of child support, including contempt." *Id.*

Randell Adams failed to pay child support as ordered by the couple's divorce decree. Kimberly McCray Adams sought to enforce the child-support order. She obtained a writ of execution to collect on the final judgments that arose by operation of law when Randell failed to pay. *See id.* § 157.261(a). In the order on her application for writ of execution, the trial court found that "Kimberly Adams has a valid enforceable judgment against Randell Adams for past due child support" and that it was "wholly unsatisfied and subject to execution." The constable took possession of non-exempt property and held an execution sale. Proceeds from the sale were placed in the court's registry, and both parties sought disbursement of the money.

---

remedies); *id.* § 157.263 (money judgment for arrearages); *id.* § 157.264(a) (money judgment for past-due or retroactive child support enforceable by any means available for the enforcement of a judgment for debts or collection of child support); *id.* §§ 157.311–.331 (perfection and foreclosure of child support lien); *id.* §§ 158.001–.507 (income withholding); TEX. CIV. PRAC. & REM. CODE § 31.002 (collection of judgment through court proceedings); *id.* §§ 34.001–.076 (execution on judgments); *id.* §§ 61.001–.082 (attachment); *id.* §§ 63.001–.008; TEX. R. CIV. P. 621 (enforcement of judgment by execution or other process).

After additional litigation, including a mandamus proceeding in this court related to Kimberly's collection efforts, the trial court heard Kimberly's motion for attorney's fees, which was based on her affidavit and a timesheet detailing her activities and the time spent in collecting past-due child support. The court ordered Randell to pay $30,675.00 in attorney's fees, and he appealed.

Randell contends that the award of attorney's fees lacks a statutory basis. We disagree. The trial court's finding that Kimberly had a valid enforceable judgment against Randell for past-due child support was a finding that he failed to pay child support. *See* TEX. FAM. CODE § 157.167(a). An award of attorney's fees was mandatory in this circumstance. *See id.*; *Tucker v. Thomas*, 419 S.W.3d 292, 300 (Tex. 2013).

The court's award of attorney's fees was based on the affidavit and timesheet of Kimberly's attorney. Randell also asserts that the evidence was insufficient to support the award of attorney's fees, but this argument has been waived due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i).

Randell argues at length about the validity of a child-support lien and the writ of execution and why neither supports an award of attorney's fees. Having concluded that the award of attorney's fees was mandatory under section 157.167, Randell's other arguments do not alter the outcome of the appeal, and therefore we need not address them. *See* TEX. R. APP. P. 47.1.

We affirm the order of the trial court. All pending motions are denied.

PER CURIAM

Panel consists of Chief Justice Radack, Justice Massengale, and Justice Brown.