# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00159-CV

---

**In re David O'Connor**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator David O'Connor has filed a petition for writ of mandamus, seeking relief from a temporary order requiring him to pay $4,205 in attorney's fees to the attorney for real party in interest Trish Ho. Having reviewed the petition, the response, and the record provided, we will conditionally grant relief. *See* Tex. R. App. P. 52.8(c).

## BACKGROUND

This original proceeding arises out of a suit affecting the parent-child relationship (SAPCR). O'Connor and Ho are the parents of L.T.O., who was born in 2015. After O'Connor filed a petition to modify the original SAPCR order, the parties filed competing motions for temporary orders. In addition, Ho filed a motion for interim attorney's fees in the amount of $50,000. *See* Tex. Fam. Code § 105.001(a)(5).

The trial court held a hearing on the parties' motions for temporary orders and, at the conclusion of the hearing, announced that it was denying Ho's request for interim attorney's fees. The trial court went on, however, to tell Ho's attorney that he could "put forward a motion for fees [for the hearing]" and that they could then "have a further conversation about that." The

next week, Ho's attorney filed an affidavit as to reasonable and necessary attorney's fees incurred by Ho in connection with the temporary-orders hearing. The attorney stated in his affidavit that Ho was entitled to "recover the reasonable attorney's fees requested herein pursuant to the Texas Family Code and the Texas Rules of Civil Procedure."

At the hearing on Ho's request for attorney's fees, O'Connor's attorney objected to Ho's request and argued that she had failed to show that the fees were necessary for "the safety and welfare of the child," a statutory requirement for an award of interim attorney's fees under Section 105.001 of the Family Code. *See id.* During his testimony on attorneys' fees, Ho's attorney told the trial court that Ho was not seeking interim fees under Section 105.001 and that her request for attorney's fees was authorized as a sanction under Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code.

The trial court later signed temporary orders, which included a finding that "good cause exists to award [Ho] reasonable and necessary attorney's fees incurred in connection with this motion against [O'Connor]" and ordered O'Connor to pay $4,205 to Ho's attorney within thirty days.

## MANDAMUS STANDARD

This Court may grant mandamus relief only to correct a "clear abuse of discretion when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A clear abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *Id.* A trial court has no "discretion" in determining what the law is or applying the law to the facts of the case. *Id.* at 840. Thus, a clear failure by the trial court to analyze the law correctly constitutes an abuse of discretion. *Id.* When a trial

2

court abuses its discretion in the issuance of temporary orders in a SAPCR, mandamus relief is proper because there are no adequate appellate remedies. *See* Tex. Fam. Code § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal."); *In re Rogers*, 370 S.W.3d 443, 445 (Tex. App.—Austin 2012, orig. proceeding).

## DISCUSSION

In his petition for mandamus relief, O'Connor asserts that the trial court abused its discretion in awarding attorney's fees because "there was no evidence that the fees were necessary to protect the safety and welfare of the child." Section 105.001(a)(5) of the Family Code provides that in a SAPCR, the trial court may make a temporary order "for the safety and welfare of the child, including an order . . . for payment of reasonable attorney's fees and expenses." Tex. Fam. Code § 105.001(a)(5). Thus, a party seeking interim attorney's fees under section 105.001 has the burden of showing that payment of the requested attorney's fees is necessary for the safety and welfare of the child. *See In re Rogers*, 370 S.W.3d at 445; *see also In re Payne*, No. 03-17-00757-CV, 2018 Tex. App. LEXIS 2449, at *4-5 (Tex. App.—Austin Apr. 5, 2018, orig. proceeding) (mem. op.) (explaining that trial court may not order payment of attorney's fees for purpose of "leveling the playing field").

Upon review of the mandamus record, we conclude that Ho did not present any evidence at the attorney's-fees hearing demonstrating that the payment of the requested attorney's fees was necessary for the safety and welfare of L.T.O. In addition, because "good cause" is not the operative standard under Section 105.001, the trial court's good-cause finding, even if supported by evidence, will not support the award. *See In re Rogers*, 370 S.W.3d at 445-

46 (explaining that Section 105.001 does not authorize trial court to order payment of fees "for a purpose other than the safety and welfare of the child").

In response to O'Connor's petition, Ho does not dispute that she did not present evidence to support an award of attorney's fees under Section 105.001. Instead, Ho argues that the trial court did not abuse its discretion because it awarded the attorney's fees to her for "good cause," as a sanction and not under Section 105.001. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001, 10.004(b); Tex. R. Civ. P. 13; *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 718-719 (Tex. 2020) (explaining that court's inherent power to sanction "exists to the extent necessary to deter, alleviate and counteract bad faith abuse of the judicial process"); *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 446 (Tex. App.—2004, pet. denied). Nothing in the record, however, indicates that the trial court awarded the fees as a sanction. In fact, the trial court judge questioned Ho's attorney about his characterization of the requested fees as a sanction and then expressly stated at the attorneys-fees hearing that he was not imposing sanctions. Specifically, the trial court judge stated, "Yeah, but these aren't sanctions. . . . I'm only in fees-for-hearing-work territory, not that anybody has done something sanctionable." We disagree with Ho's contention that the attorney's-fees award was intended as a sanction.

However, after rejecting Ho's request for sanctions, the trial court judge went on to state: "[I]t's long been my impression and understanding that I can order fees for a particular hearing that were not interim fees [and that] if I find it appropriate, I can give fees to the winner." Based on these comments, it appears that the judge assumed that he had inherent authority to award attorney's fees to Ho as a prevailing party. This assumption is incorrect. Aside from sanctions for bad-faith abuses of the judicial process, attorney's fees may only be awarded when specifically provided by contract or statute. *See Tucker v. Thomas*, 419 S.W.3d 292,

4

298 (Tex. 2013) ("A trial court's authority to award attorney's fees in civil cases may not be inferred; rather, the Legislature must provide authorization through the express terms of the statute in question.").

In summary, there is no evidence to support an award of attorney's fees under Section 105.001, and the trial court did not have any inherent authority to award fees to Ho as a prevailing party. Although it is unclear from the order which of these grounds the trial court relied on in awarding attorney's fees for "good cause," an award under either of these grounds would constitute an abuse of discretion.

## CONCLUSION

We conclude that the trial court abused its discretion in ordering O'Connor to pay $4,205 in attorney's fees. In addition, O'Connor has no adequate remedy by appeal. We therefore conditionally grant the petition for writ of mandamus and direct the trial court to vacate that portion of its March 16, 2021 order compelling O'Connor to pay attorney's fees. The writ will issue only if the trial court fails to comply.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: August 31, 2021

5