COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-09-00223-CV |
| IN THE INTEREST OF A.M., | § | Appeal from |
| A CHILD. | § | 171st District Court |
| | § | of El Paso County, Texas |
| | § | (TC # 2008-1128) |
| | § | |

**O P I N I O N**

On March 19, 2008, Rogelio Marquez filed a petition for bill of review by which he sought to set aside and vacate a default judgment entered against him in a suit affecting the parent-child relationship. According to his petition, Marquez was entitled to relief because "Defendant wrongfully obtained the Default Judgment in violation of Plaintiff's due process by failing to properly serve Plaintiff, failing to provide notice to Plaintiff." After a hearing, the trial court denied relief. Marquez has filed this appeal asking us to: (1) reverse the order denying his bill of review; and (2) find the default judgment entered in February 2007 null and void because Marquez never received proper service.[1] For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Rogelio Marquez filed for divorce from Maria Cardenas in El Paso County in 2003. The divorce became final in 2004 and the court awarded Marquez custody of the couple's daughter. In

---

[1] Marquez prepared and filed his appellate brief *pro se*. Attorney David Biagas filed a notice of appearance the day before oral arguments were conducted.

March 2005, Cardenas filed suit to modify the parent child relationship. On February 14, 2007, the court entered a default judgment against Marquez. Marquez claims that he was never served with process in that case or in any other post-divorce filings related to child custody.

On March 19, 2008, well beyond the time to appeal the judgment, Marquez filed a petition for bill of review, and in April 2009, Judge Bonnie Rangel held a hearing on his petition. After hearing arguments by both sides, Marquez's attorney called Marquez as a witness to "get some evidence on the record" for appellate purposes. Marquez testified that he was originally represented by Enrique Ramirez who had filed a special appearance[2] and a motion to quash[3] on his behalf. On June 2, 2005, Associate Judge Jose Juarez held a hearing on Cardenas' motion to modify and determined that indeed service was defective. The hearing was reset for June 30, 2005. According to Marquez, although his attorney may have appeared at that hearing, he did not. At that point, Judge Juarez denied the special appearance.

Ramirez withdrew as counsel and Claudio Flores, Jr. entered an appearance. Marquez testified that even after Flores took over the case, he was still never served by his ex-wife. Flores told Marquez he had filed several appeals but to the best of Marquez's knowledge, those appeals were never resolved. Marquez did appear both in person and through attorney Flores at a hearing on temporary orders held five months later on November 22, 2005. Shortly before the February 2007 hearing at which Cardenas was awarded custody, Marquez retained H. Davidson Smith.

## BILL OF REVIEW PROCEEDINGS

A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial.

---

[2] It appears from the record that Marquez was living in Mexico.

[3] Apparently, the motion to quash related to defective notice of the hearing date.

TEX.R.CIV.P. 329b(f); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004)(*Caldwell II*); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Wembley Investment Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998)(*Caldwell I*); *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex. 1989); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). The bill must state sufficient cause. *1985 Chevrolet*, 778 S.W.2d at 464. Ordinarily, to establish sufficient cause, a defendant-petitioner must demonstrate: (1) a meritorious defense; (2) justification for the failure to assert that defense; and (3) that the default judgement was not rendered due to the fault or negligence of the defendant-petitioner. *See Caldwell II*, 154 S.W.3d at 96. The petitioner must normally show that he exercised due diligence to assert all adequate legal remedies before filing the bill of review. *Caldwell I*, 975 S.W.2d at 537. However, the absence of proper service alters the availability of a bill of review. Where, as here, a defendant-petitioner claims a due-process violation (*e.g.*, no effective service of process), the defendant is not required to prove the first two elements of "sufficient cause" set out above. *See Caldwell II*, 154 S.W.3d at 96-97; *see Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)(judgment rendered without service violates due process); *see also Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988)(no need to prove meritorious defense where defendant had no notice of trial setting). Stated differently, when a defendant claims he was not served with process, he must only prove the third element (*i.e.*, no fault or negligence). *Caldwell II*, 154 S.W.3d at 97. The element is conclusively established if the party proves he was not served. *Id.*; *Caldwell I*, 975 S.W.2d at 537; *see Ross v. National Center for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). This is true even if a party becomes aware of the proceedings and fails to participate. A party who has acquired knowledge but was not properly served has no duty to participate in the proceedings. *Caldwell II*, 154 S.W.3d at 97 n.1; *Wilson v. Dunn*, 800 S.W.2d 833,

837 (Tex. 1990)("[M]ere knowledge of a pending suit does not place any duty on a defendant to act."). However, a meritorious defense must nevertheless be shown when nonreceipt is uncorroborated or was the movant's own fault. *Fidelity & Guar. Ins. Co. v. Drewery Construction Co, Inc.*, 186 S.W.3d 571, 574 (Tex. 2006).

Marquez claims in his petition that he is entitled to a bill of review purely because of a due process violation.[4] His argument misses the mark. While he repeatedly claims he was not served with the modification pleadings, the Texas Rules of Civil Procedure clearly provide that in this procedural posture, service was unnecessary. Rule 120 provides that the defendant may, in person or by attorney, enter an appearance in open court. TEX.R.CIV.P. 120. Marquez testified that Ramirez filed pleadings on his behalf and appeared in court with regard to the motion to quash. Given that Judge Juarez granted the motion due to defective service, Rule 122 then comes into play:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

TEX.R.CIV.P. 122. Marquez cannot now complain that service of process was not completed. We emphasize that he does not complain he lacked notice for the February 14 hearing. Indeed, attorney Smith attended the hearing and sought a motion for continuance, clearly implicating knowledge of the setting. Because Marquez has failed to meet his burden of proof, the trial court did not abuse its discretion in denying the bill of review.[5] We overrule the issue before us and affirm the judgment

---

[4] Specifically, Marquez alleged: "Defendant wrongfully obtained the Default Judgment in violation of Plaintiff's due process by failing to properly serve Plaintiff, failing to provide notice to Plaintiff."

[5] We pause to mention that in his *pro se* brief, Marquez makes numerous references to fraud or conspiracy and mentions *in passim* that Judge Rangel applied an erroneous statute of limitations. However, a bill of review petition must allege factually and with particularity that a prior judgment was rendered as the result of fraud, accident, or wrongful act

of the trial court.


June 22, 2011

_____

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

---

of the opposite party or official mistake unmixed with his own negligence, and must further allege, with particularity, sworn facts sufficient to constitute a meritorious defense. *See* TEX.R.CIV.P. 329b(f); *Ross*, 197 S.W.3d at 797. Since the only issue urged in the trial court was the due process argument, these ancillary issues have not been preserved for our review.