

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN THE INTEREST OF | § | No. 08-19-00212-CV |
| A.S.M., A CHILD. | § | Appeal from the |
|  | § | 65th District Court |
|  | § | of El Paso County, Texas |
|  | § | (TC#2004CM737) |

## **O P I N I O N**

This appeal is another chapter from a 2004 divorce that is no stranger to this Court.[1] The present dispute arises from a proceeding to confirm child-support arrearage and for entry of judgment on the arrearage, filed by Appellant, Rogelio Marquez (Father). He requested

---

[1] *See Marquez v. Cardenas*, No. 08-06-00328-CV, 2007 WL 475477, at *1 (Tex. App.—El Paso Feb. 15, 2007, no pet.) (mem. op.) (dismissing Father's appeal of a default order from a hearing on August 19, 2006, for want of jurisdiction where there was no resulting appealable order); *In re A.S.M.*, No. 08-07-00065-CV, 2007 WL 1953015, at *1 (Tex. App.—El Paso July 5, 2007, no pet.) (mem. op.) (dismissing for want of prosecution Father's appeal filed on March 8, 2007); *In re A.M.*, 351 S.W.3d 395, 396 (Tex. App.—El Paso 2011, no pet.) (affirming the trial court's denial of Father's bill of review seeking to set aside an order of February 14, 2007); *Marquez v. Marquez*, No. 08-12-00116-CV, 2012 WL 3100781, at *1 (Tex. App.—El Paso July 31, 2012, no pet.) (mem op.) (dismissing Father's appeal for want of prosecution); *In Interest of A.S.M.*, No. 08-16-00230-CV, 2016 WL 6304535, at *1 (Tex. App.—El Paso Oct. 27, 2016, no pet.) (mem. op.) (dismissing for want of jurisdiction Father's appeal of a 2016 order finding Father in criminal contempt for failure to comply with a child support order). And even more recently, Father requested mandamus relief from this Court which was denied under *In re Marquez*, No. 08-20-00246-CV, ___S.W.3d ___(Tex. App.—El Paso July 28, 2021, orig. proceeding).

confirmation of the total child support that had accrued over thirteen and one-half years on a final decree of divorce rendered in October 2004. Appellee, Maria Esther Cardenas (Mother), balked at that claim based largely on an April 2005 temporary order, and then a 2007 final order that made child support payable *to her,* and *not from her* as Appellant claimed. To press that point, she filed a motion to dismiss Father's suit based on res judicata and collateral estoppel, which the trial court granted, and to which it also awarded Mother attorney's fees.

Father brings six issues on appeal challenging the trial court's dismissal order and a seventh issue challenging the manner in which attorney's fees were awarded. We sustain the issue regarding attorney's fees, but conclude as to the remaining points that Appellant has failed to show that any error probably caused the rendition of an improper judgment. Accordingly, we affirm the judgment as modified.

## I.  BACKGROUND

Mother and Father were divorced in 2004 and at the time of the divorce, had one child from the marriage. The divorce was heard in cause number 2004CM737, pending in the 65th District Court of El Paso County. On June 1, 2018, Father filed a pleading in that same court under the same cause number titled "Motion to Confirm Child Support Arrearage and for Entry of Judgment on Child Support Arrearage." Father's motion asserted the 65th District Court had continuing, exclusive jurisdiction of the case. Father's motion further alleged that on October 29, 2004, in the same cause number, the court ordered Mother to pay child support of $160 per month, with the first payment due on November 1, 2004, and a like payment being due and payable each month thereafter until the child reached the age of eighteen or graduated from high school. Additionally, the order required Mother to pay $18 per month for the cost of insuring the child, also beginning

2

on November 1, 2004, and each month thereafter in like manner.[2] Father's motion to confirm arrearage alleged Mother had failed to pay the full amount of child support and medical support due each month, uninterrupted, from November 1, 2004, through June 1, 2018. In total, Father alleged Mother had committed 164 separate violations of failure to pay ordered-monthly-support for a total arrearage of $29,192. Father requested the trial court confirm the total arrearage plus interest, to enter a judgment against Mother on that amount, and to order Mother to pay attorney's fees as well.

Mother answered with a general denial, and later on February 19, 2019, she filed a combined first amended answer and motion to dismiss Father's motion to confirm child support arrearage. Mother asserted Father's action to confirm a child support arrearage was barred by collateral estoppel and res judicata in that the very same court had rendered a final order on February 14, 2007, which appointed Mother the sole managing conservator of the child and ordered Father, as the non-custodial parent, to pay child support. Mother asserted the February 14, 2007 order contained a "Mother Hubbard" clause which specified that all relief requested in the case and not expressly granted had been denied, and that the order had supplanted all previous orders. Further, Mother alleged that Father had been found to have wrongfully detained and secreted the child from Mother, and she was awarded temporary managing conservatorship on April 13, 2005, reaffirmed on April 24, 2005, and in that order Father was also ordered to pay child support. Lastly, Mother asserted there was no obligation owed by Mother to Father, contrary to the allegations of Father's motion to confirm arrearage, and, in fact, Father was currently in arrears for child support and attorney's fees assessed as child support. In closing, Mother's motion requested dismissal of Father's motion to confirm arrearage, and further requested sanctions based

---

[2] That judgment was rendered as a default judgment when Wife did not file an answer.

3

on Father's multiple similar motions, all similarly dismissed, which she claimed were designed to harass and threaten Mother.

Father filed multiple notices of intention to take Mother's oral deposition, causing Mother to file a motion for protective order and to quash all discovery. On May 22, 2019, the trial court heard the motion to quash, motion for protective order, and motion to dismiss. The trial court heard argument from Mother's and Father's counsel and at both parties' request, took judicial notice of the court's own file. At the conclusion of the hearing, the trial court granted Mother's motion to dismiss and awarded her attorney's fees in the amount of $1,750, which the court ordered were in the nature of child support and enforceable as such. By separate order, the trial court also granted Mother's motion to quash and for protective order. Father filed a motion for new trial which was overruled by operation of law. This appeal followed.

## II. DISCUSSION

### A. Nature of the Motion filed by Mother

In his first five issues, Father raises a procedural challenge to the dismissal of his enforcement proceeding. Specifically, Issue One generally contends that the trial court had no authority or jurisdiction to grant the motion to dismiss. In Issue Two, Father contends the trial court abused its discretion by dismissing his case without first entertaining a summary judgment motion or conducting an evidentiary hearing to address the merits of the affirmative defenses. Somewhat related, Issues Three and Four challenge the evidentiary basis for granting the motion, and Issue Five contends Mother made a judicial admission that she owes some amount due, thus proving his entitlement to some relief. We address these issues together.

Rule 91a of the Texas Rules of Civil Procedure allows for a motion to dismiss a baseless cause of action on the pleadings and without evidence, but that rule specifically excepts cases

brought under the Texas Family Code. *See* TEX. R. CIV. P. 91a.1 (describing procedure for seeking dismissal of baseless cause of action and excluding cases brought under the Family Code). Accordingly, the Texas Rules of Civil Procedure do not authorize motions to dismiss in cases brought under the Texas Family Code—such as this suit to confirm a child support arrearage—except in limited circumstances. *See In re Sisk*, No. 14-13-00785-CV, 2014 WL 5492804, at *4 (Tex. App.—Houston [14th Dist.] Oct. 30, 2014, pet. denied) (mem. op.) (holding that parents' motion to dismiss disabled adult child's petition for child support was "not recognized under the Texas Rules of Civil Procedure or the Texas Family Code"). None of those limited circumstances apply here. *See* TEX. FAM. CODE ANN. § 156.102 (providing that a trial court shall deny relief without setting a hearing where party fails to include requisite affidavit when filing suit to modify conservatorship under this provision); *Id.* § 155.102 (requiring dismissal if court determines that another court has "continuing, exclusive jurisdiction" of the child that is the subject of the suit); *see also* TEX. R. CIV. P. 165a(1) (authorizing dismissal for want of prosecution).

Here, Mother titled her pleading as a motion to dismiss and sought dismissal of Father's child support case based on the defenses of res judicata and collateral estoppel, which are both affirmative defenses. *See* TEX. R. CIV. P. 94. Affirmative defenses should ordinarily be raised through a motion for summary judgment or proven at trial. *In re D.K.M.*, 242 S.W.3d 863, 865 (Tex. App.—Austin 2007, no pet.); *In re K.B.S.*, 172 S.W.3d 152, 153 (Tex. App.—Beaumont 2005, pet. denied). And the essence of Father's complaint is that the trial court could have only considered res judicata or collateral estoppel in a summary judgment, and not in a motion to dismiss.

But even if we would agree with that argument, Appellant carries the burden to show that any error of the trial court is harmful. Rule of Appellate Procedure 44.1 commands that "[n]o

5

judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment[.]" The rule applies to a claim that a trial court improvidently granted a motion to dismiss. *Shaw v. Lemon*, 427 S.W.3d 536, 546 (Tex. App.—Dallas 2014, pet. denied) (no reversible error shown in granting motion to dismiss claim where Appellant did not bring forward on appeal some evidence on each element); *see also Long v. Yurrick*, 319 S.W.3d 944, 947 (Tex. App.—Austin 2010, no pet.) (any error in trial court granting motion for summary judgment before the date of the set hearing was harmless error). And here, Appellant fails to carry that burden.

First, we note what our record contains. Appellant brought forward a record that includes the hearing on the motion to dismiss. At that hearing, he sought to introduce two exhibits. The first is a hearing transcript from February 14, 2007, that led to a final order on the same date. Second, he also sought to introduce a September 1, 2010 hearing transcript from a proceeding brought to enforce back child support against Appellant in this cause. The trial court declined to admit these transcripts, but they are included in a bill of exceptions for the purposes of appeal. Appellant also brought forward a clerk's record that contains docket sheets for the case, and as relevant here, shows that Appellant filed no written response to the motion to dismiss. He did file a motion for new trial but that motion does not attach any evidentiary exhibits.[3] Finally, Appellant brought forward a supplemental clerk's record *after* the briefing in this case was complete. The supplemental record includes a pleading he filed in the trial court well after the briefing before this Court was complete. The pleading contains the Texas Attorney General's Office's summary of

---

[3] Notably, our record does not contain a copy of the October 2004 divorce decree upon which Father claims an entitlement to child support, nor the February 14, 2007 final order, or the April 13, 2005 temporary order upon which Mother relies. At least as to the temporary order, Father conceded at the hearing that not only did the court order temporary support to Mother, but the court also issued a temporary custody order based on her 2005 pleading. The hearing transcript that Father sought to admit below confirms that the February 14, 2007 order made Mother the custodial parent and awarded her child support.

child support payments allegedly due and owing.

Based on this record, we cannot conclude that the trial court's dismissal order probably resulted in an improper judgment. First, in large measure, Appellant's claim is demonstrably false based on a simple review of the prior court orders. Both parties at the hearing below asked the trial court to take judicial notice of the file. *See In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.) (a trial court may take judicial notice of its own record concerning matters that are generally known, easily proven, and not reasonably disputed). The record reflects a final order dated February 14, 2007, which the parties agree appointed Mother the sole managing conservator of the child and ordered Father to pay child support as the non-custodial parent. Our own Court has previously rejected an attack on the February 14, 2007 order that gave custody to Mother and made her the recipient of child support, and not the payor of child support. *In re A.M.*, 351 S.W.3d 395, 396 (Tex. App.—El Paso 2011, no pet.). In that case, Father had pursued a bill of review seeking to set aside the February 14, 2007 order, based on a lack of service of process for the modification proceeding. We rejected his claim because his attorney made an appearance at a hearing to quash the service of process, which meant that under Rule 122, he was deemed to have appeared twenty days later. *Id.* at 398, citing to Tex. R. Civ. P. 122. Similar to a trial court, we are permitted to take notice of our own records in certain circumstances. *See In re J.G.W.*, 54 S.W.3d 826, 833 (Tex. App.—Texarkana 2001, no pet.) ("An appellate court may take judicial notice of its own records in the same or related proceeding involving the same or nearly the same parties.").

The docket sheet shows Mother filed a modification of the parent child relationship on March 17, 2005, a temporary restraining order was entered, and subsequent temporary orders were entered. Mother asserted A.S.M. had been in Mother's custody with an order of child support

7

against Father since March 17, 2005 and that Father was not even allowed contact with A.S.M. after February 2007, which Father did not contest. These facts and subsequent orders belie any claim that Father has for child support after March 2005. *Cf. Comeaux v. Comeaux*, 767 S.W.2d 500, 502 (Tex. App.—Beaumont 1989, no writ) (stating a modification order designating the obligor parent as the child's managing conservator ends the prior child support obligation). And Appellant's argument below and on appeal to overcome those prior orders are unavailing. At the hearing below, Father claimed that the April 2005 and February 2007 orders grew out of Mother's SAPCR pleading, when in fact she should have filed a motion to modify the October 2004 original divorce decree. As such, he claims those orders are void. But as the trial court noted below, the title of a motion is less important than its substance, and it was treated as a motion to modify.[4] *See* Tex. R. Civ. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."). Second, Father contends that because the trial court did not award Mother any back child support in 2007, he necessarily found against her on that issue. But the record of the hearing reveals the trial court did not award Mother back child support because she did not prove its amount, and the judge invited Mother to make that claim in another proceeding.[5]

In light of these orders, Appellant could only fall back on a child support claim for the brief period between November 2004 and March 2005.[6] Even as to that claim, he has not brought forward a record that shows the result would be any different if we remanded this matter. He has

---

[4] In fact, the docket sheet describes the March 17, 2005 filing as a "Motion to Modify P/C Relationship."

[5] At the conclusion of the hearing, the trial judge stated: "Ms. Ness, I don't believe there was any testimony regarding child support arrearage was presented. You can take that up at a different hearing."

[6] By our calculations, five months of child support would amount to $800 and the insurance payments $90.

no evidence of record to show that he is owed any unpaid child support. He never testified to that fact, either at a hearing or through affidavit. Post-briefing he brought forward a supplemental transcript that includes a "Financial Activity Report" from the Texas Attorney General's Office that purports to show that Mother owes Father $6,223.60 in unpaid child support based on missed payments from January 1, 2004 through November 30, 2020.[7] The same report, however, on its face assumes Father is the custodial parent and Mother is the non-custodial parent. But as we note above, the orders in the court's file show that assumption is incorrect since at least April of 2005. Moreover, one of the exhibits that Father sought to introduce in the hearing below—a hearing transcript—contains representations from an assistant attorney general that the Financial Activity Report from the AG is incorrect. Accordingly, there is no documentary evidence in the record that demonstrates Mother owes Father any back child support, which is the core of the claim being asserted.

Moreover, even if remanded, Appellant would still have to overcome the affirmative defense of res judicata upon which Mother has certainly asserted. Mother argued that any valid claim Father may have had for child support owed to him should have been raised during the 2007 trial; thus, a claim for any period before the hearing was barred by res judicata. Because the 2007 modification order superseded the 2004 divorce decree to the extent of the support ordered from the date of its signing, the trial court no longer had jurisdiction to enforce the 2004 decree. *See In*

---

[7] The Notice of Appeal in this case was filed on August 30, 2019. Father's brief was filed January 30, 2020, and Mother's on July 28, 2020. The pleading that Father included in the supplemental transcript was not filed with the El Paso District Clerk *until December 29, 2020*. The parties may supplement the clerk's record with a relevant item omitted from the clerk's record. Tex. R. App. P. 34.5(c)(1). Of course, this pleading was not in the clerk's record at the time the record was prepared and filed, which begs the question of how it could have been "omitted" at that time. We need not decide that question, however, because even if the parties have great latitude to include supplemental items in the Clerk's Record, it is still up to this Court whether to consider them. *See Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 726 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (allowing party to file supplemental clerk's record, but declining to find it relevant to the issue before the court). For the reasons stated in our opinion, we accord no weight to the pleading included in the supplemental transcript.

*re Stenson*, No. 14-06-00094-CV, 2006 WL 1331147, at *3 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (mem. op.) (holding a superseded decree was no longer of any force and effect once a new order was signed). That is to say, Father's claims of missed payments for the period of November 2004 through March 2005 could have and should have been litigated during the 2007 modification hearing, or during any of the enforcement hearings that followed the 2007 order. *See In re M.K.R.*, 216 S.W.3d 58, 66 (Tex. App.—Fort Worth 2007, no pet.) (holding previous order granting child support arrearage was a final order subject to res judicata barring mother from raising claims of missed payments that could have been brought in the original motion for contempt). Multiple enforcement actions and repeated litigation covering the same time period of missed payments are not permitted. *Id*. Nothing in Father's briefing convinces us that he can overcome this defense.

We do not overlook Father's Issue Five where he contends that Mother's counsel judicially admitted at the hearing below that child support was owed to him for the period between October 2004 and February 2007. But based on the record, we disagree. Mother's counsel at the hearing argued: "So, if you look at their motion, Judge, to modify, best-case scenario, November of 2004 through April of 2005 would have been what he was entitled to in retroactive." Counsel's statement could only be considered a judicial admission if it was: (1) a statement made during the course of a judicial proceeding; (2) that is contrary to an essential fact or defense asserted by the person making the admission; (3) that is deliberate, clear, and unequivocal; (4) that, if given conclusive effect, would be consistent with public policy; and (5) that is not destructive of the opposing party's theory of recovery. *In re Dillard Dept. Stores, Inc.*, 181 S.W.3d 370, 376 (Tex. App.—El Paso 2005, orig. proceeding). Given that Mother's counsel was arguing that she has a legal defense— res judicata and collateral estoppel—to the entire claim, we fail to see that this statement qualifies

10

as a clear and unequivocal admission that some amount was indisputably owed.

From our review of the record, Father has not demonstrated that the trial court rendered an improper judgment. The record established as a matter of law that any claim for arrearage after April 2005 was demonstrably false under the prior orders of the trial court. The argument to overcome those orders is unavailing. And any amount owed before that time has not been proven. We thus hold that any procedural error by the trial court in entering a dismissal order as opposed to a take-nothing summary judgment did not result in an improper judgment against Father. *See* TEX. R. APP. P. 44.1 (appellate court cannot reverse the judgment of the trial court based on a procedural error unless the appellant demonstrates the error caused the rendition of an improper judgment or prevented the appellant from properly presenting the case to the court of appeals); *see also In re K.B.S.*, 172 S.W.3d 152, 155 (Tex. App.—Beaumont 2005, pet. denied) (affirming the trial court's dismissal of father's suit on the grounds of limitations, an affirmative defense that should be brought in a motion for summary judgment, as the record reflected the statutory period had ended prior to filing of father's suit).

Accordingly, we overrule Father's first, second, third, fourth and fifth issues.

## B. Procedural Due Process

In Father's sixth issue, he asserts he was denied procedural due process under the Fourteenth Amendment Due Process Clause when the trial court did not allow Father to present evidence in support of his motion. Father asserts the trial court "shut down" his request to confirm arrearage and the trial court did not allow him to present evidence. He asserts he was denied procedural due process because it "resulted in a fundamentally unfair legal proceeding."

Determining whether procedural due process has been denied is a two-step process in which we look at whether the complaining party has a liberty or property interest entitled to

11

protection and if so, what process is due. *Velez v. Mitsak*, 89 S.W.3d 73, 83 (Tex. App.—El Paso 2002, no pet.). "At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and meaningful manner." *Martinez v. Texas Dep't of Protective & Regulatory Services*, 116 S.W.3d 266, 271 (Tex. App.—El Paso 2003, pet. denied) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

Here, there was no failure to give Father notice and opportunity to be heard as he initiated the suit. Father was also given notice of the dismissal hearing, appeared through counsel, and was given an opportunity to be heard. At the motion to dismiss hearing, Father sought to introduce into evidence the transcript from the 2007 hearing to show that what was characterized as a motion to modify hearing did not correspond with the original pleading filed by Mother, and he was entitled to at least two and one-half years of child support. Father also sought to introduce into evidence a transcript from a 2010 hearing to show the attorney general's confusion regarding the current child support order. Mother's counsel objected to the admission of transcripts of past hearings arguing they were irrelevant and barred by res judicata. Mother asserted Father had previously filed a bill or review regarding the 2007 order that was denied. Ultimately, the trial court sustained Mother's objection to the transcripts and did not admit them into evidence. Father then moved to enter the two transcripts through a bill of exceptions and they were so admitted.

Father does not guide us to any authority to establish the trial court violated Father's procedural due process. *See* TEX. R. APP. P. 38.1. ("[Appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Furthermore, Father's complaint that the trial court erred in dismissing his request for confirmation of child support arrears has already been addressed. Without further guidance from Father, we do not find the trial court denied him procedural due process.

12

Accordingly, Father's sixth issue is overruled.

## C. Attorney's Fees

In his final issue, Father asserts the trial court abused its discretion in awarding attorney's fees to Mother as additional child support. The trial court granted Mother's request for attorney's fees and identified it as additional child support in its oral rendition. The written order dismissing Father's motion states Mother was awarded attorney's fees and stated, "attorney's fees, expenses and costs which were incurred in relation to the child, are in the nature of child support, and enforceable as such." Father's sole contention on appeal regarding the award of attorney's fees is the court's characterization of the award as additional child support. Accordingly, we only address whether the characterization as additional child support was erroneous.

An award of attorney's fees in the nature of child support is a legal conclusion we review *de novo*. *In re K.J.D.*, 299 S.W.3d 517, 518 (Tex. App.—Dallas 2009, no pet.). The Texas Legislature has distinguished between attorney's fees awarded in modification suits and those awarded in a child support enforcement action. TEX. FAM. CODE ANN. §§ 106.002, 156.101 (Modification of Conservatorship) 157.167(a) (Enforcement). In suits affecting the parent child relationship, a trial court has the discretion to order reasonable attorney's fees and to order the fees to be collected by any means available for enforcement of a judgment for debt. *Tucker v. Thomas*, 419 S.W.3d 292, 297 (Tex. 2013). In contrast, when the trial court awards attorney's fees in a suit involving child support enforcement, it may order such fees as additional child support which may be enforced by contempt. *Id.* at 296-97. In non-enforcement suits, the Texas Family Code does not authorize the trial court to characterize attorney's fees as additional child support capable of being enforced with the court's contempt powers. *Id.*

Here, Father's motion to confirm arrearage may be viewed as an enforcement action, which

13

would typically allow for an award of attorney's fees as additional child support. *Id*.; *see also* TEX. FAM. CODE ANN. § 157.167; *see also In Interest of J.S*., No. 14-17-00024-CV, 2018 WL 830891, at *2-3 (Tex. App.—Houston [14th Dist.] Feb. 13, 2018, no pet.) (mem. op.) (holding the trial court did not abuse its discretion in awarding mother attorney's fees in an action to confirm an arrearage). But, as we earlier determined, the record shows that Father based his action on a purported support order that was supplanted by an order modifying the previous order, which additionally appointed Mother as the sole managing conservator, prohibited Father from having any access to the child, and ordered Father to pay monthly support from that point forward. Mother requested attorney's fees in her motion to dismiss. *See* TEX. FAM. CODE ANN. §§ 106.001 and .002. Although Mother denied owing child support to Father in this suit, she did not otherwise seek enforcement of any portion of Father's support obligation. The sole basis of Mother's position in this suit remained in a defensive posture asserting that Father's claims were barred by res judicata. For these reasons, we do not find that the trial court awarded attorney's fees to Mother based on Father being a respondent of a motion to enforce a child support obligation. *See* TEX. FAM. CODE ANN. § 157.167. We see no basis in law or fact supporting the award of attorney's fees here as being "in the nature of child support," and thus, we conclude the trial court erred. *Cf. Tucker*, 419 S.W.3d at 298.

We sustain Father's seventh issue regarding the award of attorney's fees to the extent that such fees were awarded to Mother as additional child support.

## III. CONCLUSION

We modify the judgment of the trial court such that the attorney's fees awarded to Mother be characterized as a judgment debt only, not as additional child support. Apart from modifying in part the award of attorney's fees, we affirm the trial court's order in all other respects.

14

JEFF ALLEY, Justice

July 30, 2021

Before Palafox, J., Alley, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.), sitting by assignment