# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00245-CV

**Judicial Branch Certification Commission; and Velma Arellano; Don Ford, III; the Honorable Polly Spencer; the Honorable William Sowder; the Honorable Victor Villareal; Ann Murray Moore; Mark Blenden; the Honorable Sid Harle; the Honorable Glen Harrison; Jeff Rinard; and Melinda Saucedo, in their Official Capacities, Appellants**

**v.**

**Jo Ann Holmgren and Preferred Legal Services, Inc., Appellees**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-001017, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

## O P I N I O N

This case arises from the suit by Appellees Jo Ann Holmgren and Preferred Legal Services, Inc. (Reporters) to prompt Appellants to investigate and, as a result, restrict or punish alleged violations of laws governing court reporting. The Reporters sued Appellants, the Judicial Branch Certification Commission (Commission) and its commissioners:[1] Velma Arellano; Don Ford, III; the Honorable Polly Spencer; the Honorable William Sowder; the Honorable Victor Villareal; Ann Murray Moore; Mark Blenden; the Honorable Sid Harle; the Honorable Glen Harrison; Jeff Rinard; and Melinda Saucedo, in their official capacities. Appellants contend on appeal that the trial court erred by denying their pleas to the jurisdiction. They assert that their

---

[1] Appellees also sued Commission staff, but Commission staff did not file a notice of interlocutory appeal and are not parties to this appeal.

sovereign immunity was not waived for any of the Reporters' claims, that the Reporters lack standing, that there is no subject-matter jurisdiction over the Reporters' claims on the merits and attorney's fees, and that the Reporters are impermissibly attempting to control state action. We will affirm in part and reverse in part the trial court's order and remand for further proceedings.

## BACKGROUND

The legislature created the Commission "to oversee the regulatory programs assigned to it by state law or by the supreme court." Tex. Gov't Code § 152.051. Among those duties is certifying court reporters and enforcing regulations surrounding the court-reporter profession. *See id.* §§ 154.101 (generally), .104 (certification), .110 (disciplinary action against reporters), .111, (disciplinary action against reporting firms), .112-.13 (penalties for employment of noncertified persons for reporting).

The Reporters—a court reporter and a court-reporting firm—filed a complaint with the Commission against StoryCloud, a "digital court reporting firm." StoryCloud employed notary publics who were not licensed court reporters to digitally record what were alleged to be depositions. The notaries also administered oaths, handle exhibits, and provide contemporaneous playback of proceedings on request. The recordings were then transcribed by artificial intelligence. Though its digital-reporting services differed from the traditional court-reporting model, StoryCloud registered with the Commission as a shorthand-reporting firm "in an abundance of caution" but surrendered its license after the Reporters filed their complaint.

The Reporters filed their complaint against StoryCloud on March 4, 2020. The Commission set a hearing for December 4, 2020, reset the hearing for December 18, administratively dismissed the complaint on December 4 on grounds that the complaints were not

2

within the Commission's jurisdiction, and then denied the Reporters' motion to reconsider the dismissal.

The Reporters filed a petition for judicial review or alternatively for writ of mandamus in the trial court. They contended that the Commission erred in dismissing their complaint, arguing that StoryCloud's digital-reporting service violated state law by engaging in shorthand reporting with uncertified reporters in unauthorized circumstances, using unauthorized means to perform shorthand reporting, and indicating that their uncertified employees are court reporters or shorthand reporters. *See id.* § 154.101(b), (c), (e). The Reporters asserted that the Government Code provides that the Commission "shall" punish shorthand-reporting firms for allowing their officers, directors, managers, or employees to violate statutes; hiring a reporter they knew or should have known was using a method for which the reporter is not certified; or violating any statute, rule, or ethics provision adopted under the relevant part of the Government Code. *See id.* § 154.111(a) (3), (4), (7), (11).

Appellants sought dismissal, arguing that sovereign immunity barred the suit because the Reporters had not identified any waiver of immunity. Appellants argued that there is no right under the Commission's authorizing statutes to judicial review of a request for reconsideration of an administrative dismissal. They asserted that the only party with a right to appeal a Commission decision is a party against whom the Commission takes an enforcement action, and that such appeal is before a committee of judges, not in the court system. *See id.* § 153.058. Appellants further contended that the Reporters lack standing because they did not show an injury in fact caused by Appellants that likely would be redressed by a favorable court decision. Appellants argued that the Reporters impermissibly sought to control state action by requiring the Commission to take a specific enforcement action against StoryCloud; Appellants

argued that StoryCloud is not a "court reporting firm" and did not engage in the practice of "court reporting" and is thus outside of the Commission's regulatory scope. Appellants contended that the Reporters seek to control not a ministerial act but the discretionary acts of how the Commission investigates and enforces statutes and rules. Appellants also contended that the Reporters cited no authority for their attorney's fees request.

The trial court denied Appellants' plea to the jurisdiction.

## STANDARD OF REVIEW

To establish the district court's jurisdiction over a controversy, a plaintiff suing the State must establish a waiver of sovereign immunity. *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). "Otherwise, sovereign immunity from suit defeats a trial court's subject-matter jurisdiction." *Id*. Sovereign immunity does not shield the state from ultra vires claims seeking to prevent government officials from exceeding their statutory or constitutional authority. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

We review the trial court's order de novo. *See Farmers Texas Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (standing); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004) (immunity). Standing is a component of subject-matter jurisdiction. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). In applying a de novo standard of review to a standing determination, reviewing courts "construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) (citations omitted). "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when

4

necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227.

## DISCUSSION

Appellants contend that the trial court erred by denying their plea to the jurisdiction. They reassert their trial-court arguments, contending that there is no statutory right to judicial review of Commission decisions, that courts cannot order the Commission to take a particular enforcement action, that the Reporters lack standing because they have alleged no injury distinct from that of the general public and no potential redress of any injury, and that there is no statutory basis for an award of attorney's fees.

### 1. Right to judicial review

Appellants assert that the Reporters' suit for judicial review must be dismissed for lack of jurisdiction because no statute waives the Commission's sovereign immunity. Any waiver of immunity must be "clear and unambiguous." *See Kerrville St. Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000); *see also* Tex. Gov't Code § 311.034. Trial courts may review an administrative action only if a statute provides a right to judicial review or the action adversely affects a vested property right or otherwise violates a constitutional right. *In re Office of the Att'y Gen. of Tex.*, 456 S.W.3d 153, 157 (Tex. 2015) (orig. proceeding). Appellants contend that the Reporters have cited no statute waiving immunity for this suit. Appellants further contend that the dismissal of the complaint prevented the existence of a contested case, which is a prerequisite to judicial review. Appellants contend that, because no statute authorizes a right to judicial review of the Commission's dismissal of the complaint, the Reporters' only recourse was a request for

5

reconsideration by the Commission under Texas Government Code § 152.111(c), which appellees requested and which was denied.

Texas law generally recognizes a right to judicial review of an administrative order (and concomitant waiver of sovereign immunity for that review) only if (1) a statute provides the right to judicial review, (2) the order adversely affects a vested property right, or (3) the order otherwise violates a constitutional right.[2] *General Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 599 (Tex. 2001); *see also Continental Cas. Co. v. Functional Restoration*, 19 S.W.3d 393, 404 (Tex. 2002). The Administrative Procedure Act (APA) provides a waiver of immunity for judicial review of state agency decisions under certain conditions. *See generally* Tex. Gov't Code § 2001.001-.903; *Texas Dep't of Protective & Regul. Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 196 (Tex. 2004). The APA provides that "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." Tex. Gov't Code § 2001.171. A "contested case" under the APA is "a proceeding . . . in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." *Id.* § 2001.003(1). The "opportunity for hearing and participation" requires that each party have the opportunity (1) for hearing after reasonable notice of not less than 10 days; and (2) to respond and to present evidence and argument on each issue involved in the case." *Id.* § 2001.051. The Texas Supreme Court held that the phrase "'is entitled to judicial review' is unambiguous and, therefore, the plain language of section 2001.171 of the APA creates an

---

[2] Courts can give declaratory relief when the agency exercises authority beyond its statutorily conferred powers. *Williams v. Houston Firemen's Relief & Ret. Fund*, 121 S.W.3d 415, 429 (Tex. App.—Houston [1st] 2003, no pet.).

independent right to judicial review for those who satisfy the section's threshold requirements." *Mega Child Care, Inc.*, 145 S.W.3d at 196 (Tex. 2004). This right prevails "when an agency enabling statute neither specifically authorizes nor prohibits judicial review [and] is, as a practical matter, dispositive of the sovereign immunity issue." *Id.* at 197.

The Commission has exclusive jurisdiction to make the initial determination on complaints involving court-reporting firms and the practice of court reporting. *Texas Ct. Reps. Certification Bd. v. Esquire Deposition Servs., L.L.C.*, 240 S.W.3d 79, 89 (Tex. App.—Austin 2007, no pet.). The Commission has the power to hold hearings on complaints. *See* Tex. Gov't Code § 153.055. But the Legislature also permitted the Commission to "adopt a policy allowing office employees to dismiss a complaint that . . . is not within the commission's jurisdiction" without an evidentiary hearing. *Id.* § 152.111(a)(2); *see* Texas Judicial Branch Certification Comm'n Policy for Administrative Dismissal of Complaints § 3(a) (eff. June 18, 2019), *available at* https://www.txcourts.gov/media/1444255/admindismissal-policy2019.pdf. The office employees (or, by the policy, the Director) inform the Commission of the dismissal, and the complainant can request in writing that the Commission reconsider the complaint. Tex. Gov't Code § 152.111(b), (c); *see* Texas Judicial Branch Certification Comm'n Policy for Administrative Dismissal of Complaints § 3(b), (c) (eff. June 18, 2019).[3] The Commission's enabling statutes neither specifically authorize nor prohibit judicial review of its decisions.

_____

[3] The policy adopted includes this non-exclusive list of complaints that are not within the Commission's jurisdiction:

Complaints that allege inaccuracies in the record where the remedy is through; A) agreement of the parties, B) the trial court, or C) the appellate court pursuant to Section 34.6(e), Texas Rules of Appellate Procedure, or, for depositions, where the remedy is through signature and change procedures set out in Rule 203.1,

In this case, the Certification Division Director informed Appellee Holmgren's attorney by letter dated December 4, 2020, that her complaint was "administratively dismissed for lack of jurisdiction" and that the hearing was cancelled. The Director stated that the Office of the Attorney General had provided opinions that "audio or videotape recording of a deposition is not the practice of court reporting for purposes of court reporting regulations" and that "it has been determined that the conduct at issue is not within the Commission's jurisdiction." By email dated December 16, 2020, and letter dated December 17, 2020, the Deputy Director informed Appellee Holmgren that the Commission had received her request for reconsideration of the administrative dismissal, that there was no provision for a complaint committee to review matters that were administratively dismissed,[4] and that the request for reconsideration was set for the Commission's February 5, 2021 meeting. After the meeting, the Deputy Director informed Appellee Holmgren's attorney that the Commission "voted to affirm the approval of the administrative dismissal of your complaint."

Judicial review is not expressly available under the Commission's enabling statutes on the facts alleged. *See* Tex. Gov't Code chs. 152-154. Judicial review is available under the APA only to a person aggrieved by a final decision in a contested case. *See id.* § 2001.171 (providing availability of judicial review). Because the complaint was administratively dismissed

---

Texas Rules of Civil Procedure. Inaccuracies include but are not limited to errors, omissions and added language.

Texas Judicial Branch Certification Comm'n Policy for Administrative Dismissal of Complaints § 4(a)(ii)(1).

[4] When the Commission holds a hearing and imposes a penalty or sanction, the person disciplined can file an appeal that is considered by a special committee comprising regional presiding judges. *See* Tex. Gov't Code §§ 153.056(2), .058. However, no hearing was held, so no special-committee review was invoked.

without an opportunity for the Reporters to participate in a hearing, the complaint was not disposed of as part of a contested case. *See id.* §§ 2001.003(1) (defining contested case), 2001.051 (defining opportunity for hearing). We sustain Appellants' first issue challenging the trial court's jurisdiction over this cause pursuant to the APA.

## 2. Mandamus and attempt to control state action

Appellants contend that the trial court lacked jurisdiction over the Reporters' alternative request for a writ of mandamus. They argue that the Reporters' mandamus petition "fails on its face" because the Commission does not have a ministerial duty to take any action that the Reporters request. Appellants also contend that the Reporters' petition for writ of mandamus should be dismissed for lack of subject-matter jurisdiction as an impermissible attempt to control state action. They contend that sovereign immunity protects the State from suits to control state action. *See Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 118 (Tex. App.—Austin 2007, no pet.). They contend that courts cannot order the Commission to take specific actions related to enforcement of laws governing court reporters. They argue that StoryCloud is not a "court reporting firm" under the Commission's enabling statute and did not engage in the practice of court reporting, citing Tex. Gov't Code § 52.001(a)(5), (6). They contend that the Commission's director's dismissal of the complaint was within the Commission's exclusive statutory authority.

The Reporters requested a writ of mandamus "commanding the [Commission] to reinstate the Complaint, fully investigate it, and to consider it on its merits." They contend that by declining enforcement action on jurisdictional grounds, the Commission sidestepped proper process and declined to enforce the rules concerning the practice of court reporting as distinguished

9

from digital reporting. The Reporters contend that the Commission had a non-discretionary statutory duty to investigate and process their complaint.

Mandamus may be used to compel an official or commission to take some actions. *See In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 775 (Tex. 1999) (orig. proceeding) (citing Tex. Const. art. V, § 8; Tex. Gov't Code § 24.007 (now section 24.007(a)). District courts have jurisdiction to issue writs of mandamus to compel a public official to perform a ministerial act or to correct a clear abuse of discretion, though not to compel a particular result from an exercise of discretion. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). Whether the actions the Reporters seek to compel are ministerial or discretionary and whether any abuse of the discretion is "clear" goes to the merits of the mandamus petition. *See Enriquez v. Wainwright*, No. 03-18-00189-CV, 2018 WL 6565017, at *2 (Tex. App.—Austin Dec. 13, 2018, no pet.) (mem. op.). That query is beyond the scope of our review in this interlocutory appeal from the denial of a plea to the jurisdiction. While requesting that the trial court order Appellants to take certain actions, the Reporters allege failures to perform or improper performance of ministerial duties and also contend that mandamus is available to correct clear abuses of discretion. The Reporters have thereby invoked the trial court's mandamus jurisdiction, and the trial court properly denied the plea to the jurisdiction on that claim.

We conclude that the trial court has jurisdiction to determine whether the Commission properly dismissed the complaint for a lack of jurisdiction without further action by the Commission. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002) (concluding that trial court's decision about whether agency had primary or exclusive jurisdiction is legal question reviewed de novo by appellate courts). Though Appellants assert that the decisions to dismiss or investigate further were within the Commission's exclusive jurisdiction,

whether an agency has exclusive jurisdiction is a matter of law that the trial court has jurisdiction to determine. *In re Southwestern Bell Tel. Co., L.P.*, 235 S.W.3d 619, 625 (Tex. 2007) (orig. proceeding). Appellants argue that the trial court has jurisdiction to issue a writ of mandamus only to require exercise of a ministerial duty, citing *Anderson*, 806 S.W.2d at 793. They argue that the request to require the Commission to thoroughly investigate the complaint and bring disciplinary action exceeds that scope. But the Supreme Court also recognized in *Anderson* that "a writ of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official." *Id.* Appellants' argument that mandamus is not available to require a particular exercise of discretion goes to the merits, which the trial court did not reach when considering the plea to the jurisdiction. *See Enriquez*, 2018 WL 6565017, at *2. The trial court here has done nothing other than deny a motion arguing that it lacks jurisdiction to review the Commission's actions or failures to act. The trial court could decide the merits of the mandamus petition in ways that do not attempt improperly to control state action. Appellants' arguments that the petition for judicial review request more relief than the trial court can grant do not on the record presented show error in the trial court's denial of the plea to the jurisdiction.

We overrule Appellants' third issue with regard to the denial of the plea to the jurisdiction concerning the mandamus petition.[5]

---

[5] The Reporters argued in their reply to the plea to the jurisdiction and on appeal that they have made an "ultra vires" claim as part of their mandamus petition that would survive a plea to the jurisdiction. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Appellants argue that the Reporters did not raise an "ultra vires" claim in their live petition. We need not resolve that dispute because the cause is remanded irrespective of whether the "ultra vires" claim was properly pleaded.

11

**3.      Standing**

Appellants contend that the Reporters lack standing to bring their petition for writ of mandamus.  Standing is an element of subject-matter jurisdiction.  *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993).  There must be a real controversy between the parties that will be actually determined by the judicial declaration sought.  *Id.* at 446. Appellants contend that the Reporters' alleged injury is vague and speculative and that the Reporters have not alleged any legal basis for actual or imminent harm or injury.  They argue that the Reporters have not alleged and cannot show a particularized injury that is different from any other member of the public and that such a generalized interest does not confer standing.  *See Garcia v. City of Willis*, 593 S.W.3d 201, 206 (Tex. 2019).  Appellants argue that the Reporters have no more than the public's common interest in the proper regulation of shorthand reporting. *See, e.g.*, *Bacon v. Texas Hist. Comm'n*, 411 S.W.3d 161, 169-70, 183 (Tex. App.—Austin 2013, no pet.) (holding plaintiff lacked standing to sue Historical Commission for exceeding its authority by refusing his request to change text on historical marker; plaintiff did not show particularized interest in having Commission comply with its statutes different from general public).  Appellants argue that the Reporters cannot show an injury and therefore cannot establish a causal connection between any injury and the complained-of conduct.  Appellants argue further that the Reporters cannot get effective redress for any alleged injury without the court system improperly compelling the Commission to investigate further or to take enforcement action because such decisions are within the Commission's exclusive jurisdiction.  Appellants argue finally that the alleged injury is unlikely to be addressed even if the courts required the Commission to investigate further because the Commission already investigated and found it lacked jurisdiction over the complaint and,

12

according to Appellants, "there is no reason to believe the outcome would be any different in a second go-round."

The Reporters contend that they have standing through their interest in the enforcement of the regulations of their profession. *Touchy v. Houston Legal Found.*, 432 S.W.2d 690, 694 (Tex. 1968) ("due to the special interest attorneys have in their profession, they have standing to maintain a suit to enjoin action which allegedly damages their profession"). In *Touchy*, attorneys sought to enjoin a nonprofit corporation from the unauthorized practice of law and legal ethical violations. *Id.* at 691. Appellants counter that the *Touchy* case is limited to lawyers and note that another court of appeals more recently held that recyclers do not have a unique interest that gives them standing to maintain a suit to enforce recycling regulations against fellow recyclers. *Texas Auto Salvage, Inc. v. D D Ramirez, Inc.*, No. 13-19-00500-CV, 2021 WL 4780218, at *9 (Tex. App.—Corpus Christi–Edinburg Oct. 14, 2021, no pet.) (mem. op.). Like the attorneys in *Touchy*, the plaintiffs in the *Texas Auto Salvage* case proceeded directly against the entities they alleged were violating industry regulations. *Id.* at *1. However, they invoked those regulations to pursue private claims like nuisance, conversion, and interference with contracts. *Id.* The court of appeals affirmed the directed verdict against the common-law nuisance claim on grounds that recyclers did not have "'special privilege, franchise, and duty' to protect the interests of its industry in general." *Id.* at *9.

Here, the Reporters have asked the state agency that regulates their profession to enforce those regulations, and they seek to compel the agency to exercise its jurisdiction to enforce those regulations. The Reporters seek enforcement of rules intended to safeguard the quality of depositions, a fundamental means of gathering and offering evidence in legal proceedings. Like the attorneys in *Touchy*, the Reporters are more keenly aware of and affected by the regulation of

13

their profession and any action or inaction that threatens the exclusivity of their practice than is the general public. In that same vein, the Reporters have a greater financial stake than the general public in protecting the exclusivity and standards of their profession. That stake is apparent in the exhibits to the Reporters' petition from StoryCloud's website describing its "low-cost, nationwide litigation reporting and legal videography services." That stake resembles the financial interest that supported standing of physicians to challenge a rule that would have allowed chiropractors to provide a service the physicians believed was reserved by law for physicians. *See Texas Bd. of Chiropractic Exam'rs v. Texas Med. Ass'n*, 616 S.W.3d 558, 566 (Tex. 2021). Further, the Reporters filed the complaint at issue with the Commission and have a particular interest in whether the handling and outcome of their complaint complies with the legislatively designed process.

We conclude that the Reporters have sufficiently demonstrated that they have a particularized interest in the enforcement of rules restricting their profession that would be affected differently from the interests of the general public to support standing in this matter. The potential determination that the Commission has jurisdiction to regulate StoryCloud's practices is redress sufficient to support that standing. That the trial court may not grant the Reporters such relief and may not be authorized to grant all the relief the Reporters request does not defeat the Reporters' standing or render the denial of the plea to the jurisdiction erroneous. We overrule issue two.

## 4. Availability of attorney's fees

Appellants assert that the trial court erred by failing to dismiss the Reporters' request for attorney's fees. Appellants contend that the Reporters have not made a claim for which attorney's fees can be granted. The Reporters responded that attorney's fees are available for "ultra

14

vires" claims, citing *Texas Telephone Association v. Public Utility Commission of Texas*, 653 S.W.3d 227, 257-58 (Tex. App.—Austin June 30, 2022, no pet.). Appellants replied that the Reporters did not articulate an "ultra vires" claim. We need not determine whether the Reporters have stated an ultra vires claim because the trial court's power to award attorney's fees is not properly before us in this interlocutory appeal from the denial of a plea to the jurisdiction.

None of the arguments on appeal or in the plea below concerning attorney's fees assert an issue that falls within any of the grounds authorizing interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014. Respondents' Plea to the Jurisdiction and Original Answer contained separate sections entitled "Plea to the Jurisdiction," "The Petitioners Have No Claim to Attorneys' Fees," and "General Denial." In the attorney's fees section, Appellants asserted:

> The right to attorney's fees cannot be inferred, but must be expressly stated in the statute. *Tucker v. Thomas*, 419 S.W.3d 292, 297 (Tex. 2013). The Petitioners have failed to cite any statutory basis for their claim of attorney's fees in this case. The Administrative Procedure Act does not authorize attorney's fees.

Appellants' argument that the Reporters are not entitled to attorney's fees is a lack-of-merit argument and is not a lack-of-jurisdiction or immunity argument. The trial court's Order Denying Commission and Commissioners' Plea to the Jurisdiction simply denied the plea; the trial court did not expressly address or reject Appellants' arguments against an award of attorney's fees.

Without deciding whether the Reporters can eventually properly show themselves entitled to an award of attorney's fees on the merits of the claims presented, we conclude that Appellants have not shown that the trial court made any erroneous ruling concerning attorney's fees in its order denying the plea to the jurisdiction. We overrule issue four.

15

**CONCLUSION**

We affirm the denial of the plea to the jurisdiction concerning the mandamus petition. We reverse the denial of the plea to the jurisdiction concerning the petition for judicial review; because the cause will return to the trial court for further proceedings, we will not render final judgment on this claim in the event the Reporters can replead to cure the jurisdictional defect in the facts alleged in their current petition. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). We remand this cause to the trial court for further proceedings.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed in Part, Reversed in Part, and Remanded

Filed: April 30, 2024